DAVID BLUMENFELDT

V.

MAX KORSCHUCK ET AL.

*Mutual Benefit Societies—Expulsion of Member—Practice.*

1. An ex-member of a mutual benefit association must exhaust his remedy in the order before he can appeal to the courts, either for reinstatement or damages for his expulsion.

2. If a member, or the beneficiary under a certificate to him, is suing the order for keeping him out of the lodge, or for money due upon a certificate, and an expulsion is set up as a defense, the question may be made whether the expulsion is valid or void.

3. Where no cause of action is stated in a given declaration, nor proof of the grievance alleged in it, this court will not inquire whether the proceedings on the trial were regular or not.

[Opinion filed December 7, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

Mr. L. M. SHREVE, for appellant.

Messrs. BLUM & BLUM, for appellees.

GARY, J. This is an action on the case. The appellant was plaintiff below. The declaration sets out that there is a corporation organized under the law of the State of New York called the Grand Lodge of the Sons of Benjamin, and in the city of Chicago an association chartered by the Grand Lodge, called the Garden City Lodge of the Sons of Benjamin, of which the individuals who are the appellees here were " officers, trustees and agents representing said lodges and having control and management."

The grievance complained of is that the appellees maliciously confederated and conspired, and without any cause and in violation of the constitution and by-laws of the lodges, expelled the appellant, he being a member in good standing and entitled to the benefits and rights of the order. Both the Grand Lodge and Garden City Lodge were made defendants, but as they were not served with process, nor appeared in the cause, charges in the declaration relating to them are omitted.

The appellant was not present at the meeting of the lodge at which he was expelled, but testified that one Cohen, who is not made a defendant in this case, presented charges against him, and that four of the appellees expelled him. The only evidence that in fact the appellees participated in expelling the appellant is, that they were all members of the lodge, and that the vote for his expulsion was unanimous. The record is filled with scandal, admitted probably as evidence of malice, but in no way tending to prove the grievance complained of. There is no precedent for such an action as this if the proof was complete. The record, imperfect as it is, shows that the appellant took an appeal to the Grand Lodge, but did not prosecute it.

He must exhaust his remedy in the order, before he can appeal to the courts, either for reinstatement or damages for the expulsion. Niblack on Mutual Benefit Societies, Sec. 79; Chamberlain v. Lincoln, 129 Ill. 70.

Though if a member, or the beneficiary under a certificate to him, is suing the order for keeping him out of the lodge, or for money due upon a certificate, and an expulsion is set

up as a defense, the question may be made whether the expulsion is valid or void. Ludowiski v. Benevolent Soc., 29 Mo. App. 337; Hoffman v. Grand Lodge, 41 Mo. App. 359; Supreme Lodge v. Zuhlke, 30 Ill. App. 98; 129 Ill. 298.

There being no cause of action stated in the declaration, nor proof of the grievance alleged in it, it is useless to inquire whether the proceedings on the trial were regular or not. Theodorson v. Ahlgren, 37 Ill. App. 140. The judgment is affirmed.

*Judgment affirmed.*