THE PEOPLE *ex rel.* Minnie Keefe

*v.*

THE WOMEN'S CATHOLIC ORDER OF FORESTERS.

78:35 L.R.A. 80

*Filed at Ottawa June 13, 1896.*

1. BENEFIT SOCIETIES—*re-instatement of an expelled member—when mandamus does not lie.* Mandamus does not lie to compel a mutual benefit society to re-instate a member expelled for reasons of discipline where the remedy by appeal to a higher tribunal of such society has not been exhausted, and where it does not appear that the judgment of expulsion was void for want of jurisdiction.

2. SAME—*irregularity in notice does not avoid judgment of expulsion.* Mere irregularity in the written notice given a member of a mutual benefit society to be present for trial on a charge resulting in expulsion, does not render the judgment of expulsion void, where the party actually appeared at the trial.

3. SAME—*grounds on which courts interfere with disciplinary powers.* Interference by courts with the disciplinary powers of voluntary organizations, whether incorporated or not, is only justified where the exercise of the power has been without jurisdiction, or marked by gross injustice and unfairness.

*Order of Foresters* v. *People ex rel.* 59 Ill. App. 390, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

P. J. O'SHEA, for appellant.

JOHN D. CASEY, for appellee.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

This is a petition for *mandamus*, filed in the name of the People upon the relation of Minnie Keefe, alleging, that she was the foundress of the Women's Catholic Order of Foresters, a corporation organized and doing business under the laws of Illinois, and composed of a grand lodge and subordinate lodges, and that she was a member of said grand lodge and of one of the subordinate lodges

up to November 2, 1894, when she was expelled from
membership both in said high court and said subordinate
lodge; and praying for re-instatement in her said mem-
bership, and in the rights and privileges exercised by her
therein prior to her expulsion.

The defendant below, appellee here, demurred to the
petition. The demurrer was overruled, and the defend-
ant elected to stand by its demurrer. Thereupon judg-
ment was entered in accordance with the prayer of the
petition. Upon appeal to the Appellate Court, the latter
court reversed the judgment of the circuit court with
directions to sustain the demurrer, and dismiss the peti-
tion. The present appeal is prosecuted from the judg-
ment of the Appellate Court.

The petition represents that the corporation is formed
to establish a fraternal beneficial society or association
to be carried on for the sole benefit of its members and
their beneficiaries, and not for profit; that the society
shall have a lodge system, with ritualistic form of work
and representative form of government, and shall make
provision for the payment of death benefits, and may, in
addition thereto, provide for the payment by local lodges
of benefits in case of sickness, disability and old age of
its members, subject to their compliance with its consti-
tution and laws; that the funds from which payment of
such benefits and the fund from which the expenses of
such association shall be defrayed and derived are from
assessments or dues collected from its members; that
the payments of death benefits shall be made only to
the families, heirs, blood relations, affianced husbands or
affianced wives of or to persons dependent on the mem-
bers, and such benefits shall not be willed, assigned or
otherwise transferred to any other person; and that the
principal object of the formation of the said corporation
is the purpose of benevolent insurance.

Under the constitution of the order the board of eleven
directors is known as the "High Court;" and the highest

judicial authority is vested in the annual session, composed of the high court and representatives of subordinate courts. A copy of the constitution and by-laws of the order is appended to the petition as an exhibit and made a part thereof, the petition alleging upon its face, that such copy "is hereto appended marked 'Exhibit A' and made a part of this petition." The petition shows, that the relator was expelled by the high court.

A section of one of the articles of the "Annual Session and High Court By-laws" provides, that "any subordinate court or member of the order feeling itself or herself aggrieved by a decision of the high court may appeal therefrom to the next annual session which shall thereafter convene, provided that it or she shall within sixty days after such decision of the high court file with the high secretary a written notice of such appeal, together with its or her objections to the decisions. The high secretary shall lay such appeal, together with all records and documents in the possession of the high court in relation to the case, before the next annual session. The decision of the annual session shall be final and conclusive on all persons interested."

The relator took no appeal from the order of November 2, 1894, expelling her, but on December 15, 1894, filed in the circuit court the present petition for *mandamus.*

The demurrer to the petition, therefore, fairly presents the question, whether the relator could resort to the courts for restoration to the privileges of the order without first exhausting the remedies secured to her by the constitution and by-laws of the order itself.

By uniting with a voluntary organization, such as these benefit societies are held to be, the member agrees to be bound by its constitution, by-laws and rules. Among the provisions, which he thus impliedly binds himself to abide by, are those which relate to expulsion. (*Pitcher* v. *Board of Trade*, 121 Ill. 412). He furthermore agrees to resort to such remedies as the constitution or

by-laws provide for reviewing and correcting the decisions of the subordinate tribunals of the society. (Niblack on Ben. Soc. and Acc. Ins.—2d ed.—sec. 47). If he has been tried and expelled, and the proceedings, which result in his expulsion, are subject to review under the laws of the society, such proceedings may be annulled by the action of the reviewing tribunal. (Id). Therefore, "when the charter, constitution or by-laws of the society require a member to first seek redress within the society, and by appeal to carry the question to its highest tribunal, he has no right to bring an action against the society in a court of the land, until he has exhausted his remedy in its tribunals." (Id. secs. 111, 311). It follows that a writ of *mandamus* will not be awarded, where a member of a benefit society, who has been expelled, has a remedy by appeal under the laws of the society, which he has not exercised. (2 Bacon on Ben. Soc. and Life Ins. sec. 442).

In *Screwmen's Benevolent Ass.* v. *Benson,* 76 Tex. 552, it was held, that, where the laws of a voluntary association granted a right of appeal, that remedy must be resorted to by an expelled member before the courts will award the writ of *mandamus* to restore him; and it was there said: "Members of such associations, having voluntarily constituted tribunals to adjust their differences, should not be permitted to resort to the courts of justice to set aside the illegal awards of such tribunals, as long as there is another body which has power to reverse the sentence, and which has not been appealed to. The presumption is that, if plaintiff had appeared before the association at a proper meeting and had taken an appeal from the sentence of the board of trustees, the sentence, if illegal, would have been set aside."

In *Essery* v. *Court Pride of the Dominion,* 2 Ontario, 596, where the plaintiff, being expelled from the Ancient Order of Foresters, filed his bill for restitution on the ground of illegal expulsion, but it appeared, that the

rules of the society provided certain tribunals to which he might have appealed for redress, but to which he did not appeal, the court refused to interfere; and held, that members of charitable and provident societies should not be allowed to litigate their grievances within the society in courts of law, until they had exhausted every possible means of redress afforded by the internal regulations of their societies.

In *Zeliff* v. *Knights of Pythias*, 53 N. J. Law, 536, where a member was suspended for ninety-nine years, and took no appeal to the supreme lodge, as provided by the constitution, it was said: "If there is a right of appeal to a tribunal of the organization, a *mandamus* will not issue until that remedy is exhausted." (See, also, *Lafond* v. *Deems*, 81 N. Y. 507; *Harrington* v. *Workingmen's Benefit Ass.* 70 Ga. 340; *Poultney* v. *Bachman*, 31 Hun, 49; *Olney* v. *Brown*, 51 How. Pr. 92; *Chamberlain* v. *Lincoln*, 129 Mass. 70; High on Ex. Legal Rem.—3d ed.—sec. 292; *Karcher* v. *Supreme Lodge Knights of Honor*, 137 Mass. 368; *Blumenfeldt* v. *Korschuck*, 43 Ill. App. 434).

In the case at bar, inasmuch as the petition shows on its face, that the relator did not take an appeal from the sentence of expulsion entered against her by the high court to the next annual session, as she had the right to do under the laws of the order, we think that she was not entitled to the *mandamus* upon the showing made by the petition; and, consequently, that the demurrer to the petition should have been sustained.

But it is urged on behalf of the relator, that the high court, the lower tribunal which expelled her, had no jurisdiction to expel her, and that, her expulsion being null and void, she was not obliged to appeal to the annual session before filing a petition for *mandamus*.

It was said in *Screwmen's Benevolent Ass.* v. *Benson, supra,* that, even where the order of expulsion entered by the subordinate tribunal is contrary to law and void, and such as a court would not hesitate to annul where there

was no appeal within the society, a *mandamus* will not be awarded, because the action is that of a tribunal created in accordance with the constitution of the society, and the expelled member has an adequate remedy by appeal within the society itself.  But the weight of authority seems to be in favor of the position, that the obligation to take the appeal allowed by the laws of the society does not exist when the judgment is void for want of jurisdiction.  A judgment of expulsion made by the lower tribunal, when it has no jurisdiction for want of notice to the member expelled, or for want of authority to entertain the charge brought against him, is regarded as null and void, like a judgment rendered by a court having no jurisdiction over the person or the subject matter; and, in case of the rendition of such void judgment, the member affected by it is not bound to take steps to have it reversed in the higher tribunals of the society.   (Niblack on Ben. Soc. and Acc. Ins.—2d ed.—sec. 47; 1 Bacon on Ben. Soc. and Life Ins. sec. 107).   We think that, where the association is not acting within the scope of its powers so far as to have jurisdiction over the member charged with an offense and over the offense with which he is charged, then the expelled member is not under obligations to seek the remedy by appeal afforded by the laws of the society.   In other words, the proceeding for expulsion must be in accordance with the constitution and by-laws of the society, to the extent that the member expelled shall have notice, and shall be tried upon a charge within the jurisdiction of the tribunal trying him. (*Pitcher* v. *Board of Trade, supra*).

It is to be remembered, however, that there is a clear distinction between the obligation to appeal from the lower to the higher tribunals of the society itself resting upon one who presents a question of discipline, and such obligation so far as it concerns one who asserts a claim to money due upon a contract.   Where the controversy is concerning the discipline or policy or doctrine of the

order or fraternity, the member must resort to the method of procedure prescribed by the association including the remedy by appeal, before invoking the power of the courts. But it is otherwise, where a member claims money due from the society on its contract, or where the beneficiary of a deceased member claims money due from the society on its contract of insurance; in such case, the right to resort to the courts to coerce payment will not be abridged by the right of appeal from a lower to a higher tribunal of the society as conferred by its laws and rules. "Courts of justice are freely open to those who seek money due them upon a contract." (Niblack on Ben. Soc. and Acc. Ins.—2d ed.—sec. 313; 2 Bacon on Ben. Soc. and Life Ins. sec. 450; *Zeliff* v. *Knights of Pythias, supra; Bauer* v. *Samson Lodge,* 102 Ind. 262). As was said in *Zeliff* v. *Knights of Pythias, supra:* "In determining whether courts will take jurisdiction, a distinction must be observed between cases in which the association subjects its members to discipline for immoral conduct or for violation of the rules of the order, and those instances in which the member appeals to the court to secure property rights or to enforce money demands."

Hence, there is a distinction between the question of the validity of the expulsion when it is set up as a defense to an action upon a benefit certificate or other contract, and the question of the validity of the expulsion when restoration to the privileges of the society is sought to be secured through the writ of *mandamus* or other procedure. In the former case, it is sufficient for the beneficiary to show, that the judgment of expulsion was invalid, without further showing the exhaustion of all remedies within the order or society for the purpose of having the judgment vacated. (*Blumenfeldt* v. *Korschuck, supra; Hoeffner* v. *Grand Lodge,* 41 Mo. App. 359; *Supreme Lodge* v. *Zuhlke,* 129 Ill. 298). In the latter case, it must appear that the remedy provided by the rules of the so-

ciety for the review of the judgment complained of was resorted to.

In the case at bar, it is urged that there was no jurisdiction over the relator by the high court which expelled her.   The petition shows, that she received written notice to be present at the meeting of November 2, 1894; that she was present; and that evidence was heard upon the charge brought against her.   While there may have been some irregularity in the character of the notice, we do not think it was sufficient to justify the relator in failing to take her appeal to the annual session, which would probably have set aside the judgment against her if such judgment was unjust.

It is furthermore urged, that the high court had no jurisdiction to try her upon the charge brought against her.   The charge against her was, that she had violated section 6 of article 14 of the constitution of the order. That section is as follows: "If a member of this order shall make to the chief ranger, or to the public, any accusation against a sister that shall be false or malicious, she shall be suspended or expelled, as the order may determine."   The petition does not state the particulars of the offense, nor does it state anything further in regard to the charge than that it was a violation of said section. The alleged ground, upon which the relator claims that the high court had no jurisdiction to try her for a violation of this provision of the constitution, is, that the provision in question is void as having nothing to do with the transaction of the business of a fraternal insurance society.   We are unable to concur in this view.   Benefit societies not only provide certain pecuniary benefits for their members or beneficiaries, but they are social and fraternal in their nature.   (1 Bacon on Ben. Soc. and Life Ins. sec. 95).   We are not prepared to say, that the violation of such a provision as this is not calculated to disturb the harmony of such social and fraternal relations. In support of the position that said section is void, reli-

ance is placed upon the case of *Commonwealth* v. *St. Patrick's Ben. Society*, 2 Binn. (Pa.) 441. There it was held, that a by-law of a benevolent society to expel a member for vilifying any of the members of the corporation was void, upon the ground that, without an express power in the charter, a corporator cannot be disfranchised, unless he has been guilty of some offense, which either affects the interests or good government of the corporation, and that the offense of vilifying a member, or a private quarrel, is totally unconnected with the affairs of the society. Without stopping to discuss the correctness or incorrectness of the doctrine thus announced, we do not think that the decision in the Pennsylvania case controls the present case.

Section 6, which is not a by-law, but a provision of the constitution of the order, contemplates something more than merely the vilification of one member by another. It contemplates the offense of making a false or malicious accusation against a sister, not to the public only, but to the chief ranger, who, under the constitution of the order, is the chief officer of the high court. Such false or malicious accusation may be one, which affects the interests or good government of the society, and may have reference to the affairs of the society. *Non constat* that the accusation here may not have been of the character thus specified. The petition does not aver, that it was an accusation of another or different kind; and it is a well established rule, that each party's pleading is to be taken most strongly against himself, and most favorably to his adversary. (*Groff* v. *Ankenbrandt*, 124 Ill. 51).

Courts are always reluctant to interfere with the disciplinary powers of voluntary organizations, whether incorporated or unincorporated. (*People ex rel.* v. *Board of Trade*, 80 Ill. 134; *Ryan* v. *Cudahy*, 157 id. 108). Such interference will never be justified, unless the exercise of the power has been without jurisdiction, or marked by gross injustice and unfairness. We are of the opinion

that the present record does not present a case which would authorize the interference of a court by the extraordinary writ of *mandamus.*

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*