THE PEOPLE *ex rel.* Waldeck Lodge

*v.*

THE GRAND LODGE KNIGHTS OF PYTHIAS.

166     71
e105a²520

*Filed at Ottawa April 3, 1897.*

1. BENEFIT SOCIETIES—*when mandamus to re-instate suspended lodge to its standing in order will not lie. Mandamus* will not lie to re-instate a suspended subordinate lodge to its former standing in the order, where the remedy by appeal to a higher tribunal in the order has not been exhausted.

2. SAME—*when property rights are not so involved as to justify interference by the courts.* A judgment of the grand tribunal of a benefit society suspending a subordinate lodge until it obeys an order of the supreme lodge requiring the exclusive use of an English ritual, does not so affect property rights, either of the subordinate lodge or its members, as to justify interference by the courts.

3. SAME—*suspension of incorporated subordinate lodge does not affect its corporate existence.* The suspension of an incorporated subordinate lodge from its standing in the order of which it was a part does not affect its corporate existence.

*People ex rel.* v. *Grand Lodge, etc.* 60 Ill. App. 550, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

WILLIAM VOCKE, JOHN J. HEALY, and G. W. DUWALT, for appellant:

If a lodge tribunal has no jurisdiction its sentence is a nullity. No appeal or writ of error is necessary to get rid of such judgment. It is void in all courts and places. *Hall* v. *Supreme Lodge,* 24 Fed. Rep. 450; *Mulroy* v. *Supreme Lodge,* 28 Mo. App. 463.

If the expelling tribunal had no jurisdiction in the matter then its judgment of expulsion is void. *Nelson* v. *Board of Trade,* 58 Ill. App. 399; *Blumenfeldt* v. *Korschuck,* 43 id. 434; *United Workmen* v. *Zuhlke,* 129 Ill. 305; *Ryan* v. *Cudahy,* 157 id. 108.

The duty to appeal arises only where the association is acting strictly within the scope of its powers. *Blumenfeldt* v. *Korschuck*, 43 Ill. App. 434.

If the action of the lodge be a usurpation, it cannot affect the legal rights or change the legal status of any one. *Hall* v. *Supreme Lodge*, 24 Fed. Rep. 450.

A prohibition to resort to the courts before exhausting the remedies in the order is void if property rights are involved. *Mulroy* v. *Supreme Lodge*, 28 Mo. App. 463; *Austin* v. *Searing*, 16 N. Y. 112.

A by-law or command of a superior body providing for forfeiture of property of a subordinate lodge is void. *State* v. *Miller*, 66 Iowa, 26; *Wicks* v. *Monihan*, 130 N. Y. 232; *Austin* v. *Searing*, 16 id. 112.

Jurisdiction of the lodge tribunal must be strictly shown, and will not be presumed in the case of forfeiture of property or other important rights, because the law is opposed to summary proceedings involving forfeitures. *People* v. *Medical Society*, 32 N. Y. 187; *Elliott* v. *Grand Lodge*, 42 Pac. Rep. 1009.

Courts will interfere in case of want of jurisdiction or of fraud in its exercise. *People* v. *Medical Society*, 32 N. Y. 187; *Commonwealth* v. *St. Patrick Society*, 2 Binn. 441; *Commonwealth* v. *German Society*, 15 Pa. St. 251; *Green* v. *African Meth. Society*, 1 S. & R. 254.

C. E. & G. D. Anthony, and Elliott Anthony, (C. D. Myers, of counsel,) for appellee:

The judgment of the grand tribunal is not void, because no judgment is void where the court has jurisdiction of the person and subject matter. *Ex parte Watkins*, 3 Pet. 183; *Windsor* v. *McVeigh*, 93 U. S. 274; *Carnett* v. *Williams*, 20 Wall. 250; *United States* v. *Arredondo*, 6 Pet. 709; *Bush* v. *Hanson*, 70 Ill. 480; *Kelley* v. *People*, 115 id. 589.

The tribunal was one of relator's own choosing, and the judgment rendered is absolutely conclusive upon the relator in this case, and cannot be attacked collaterally

by a writ of *mandamus*. *Pitcher* v. *Board of Trade*, 121 Ill. 420; *United Workmen* v. *Jesse*, 50 Ill. App. 105; *People* v. *Dental Examiners*, 110 Ill. 185; *Kelly* v. *Chicago*, 62 id. 279; *Chase* v. *Cheney*, 58 id. 531; Van Fleet on Collateral Attack, 14; *Red Men* v. *Schmidt*, 57 Md. 98.

Members of private societies and associations must exhaust the remedies given them by the rules of the societies before appealing to the courts for relief. *Jeane* v. *United Workmen*, 30 Atl. Rep. 70; *Loubat* v. *LeRoy*, 15 Abb. N. C. 1; Merrill on Mandamus, sec. 168; *Crocker* v. *Old South Society*, 106 Mass. 489; *Poultney* v. *Backman*, 31 Hun, 49; *Oliver* v. *Warren*, 144 Mass. 175; *Karcher* v. *Knights of Honor*, 137 id. 368; *Lafond* v. *Deems*, 81 N. Y. 598; *Lewis* v. *Wilson*, 50 Hun, 166.

Mr. JUSTICE CARTER delivered the opinion of the court:

The Superior Court of Cook county, upon the petition of the relator, Waldeck Lodge No. 136, awarded a peremptory writ of *mandamus* against the appellee, commanding it to restore the relator to all its legal rights as a member of the order of Knights of Pythias, to respect the relator as a subordinate lodge under its jurisdiction, and to extend to it all the privileges accorded by the order to subordinate lodges; to make known to it the secret pass-word now in use by the officers of the order, and to restore the individual members of the relator's lodge who are members of the endowment rank to all their legal rights as such members. This judgment was rendered upon sustaining a demurrer to appellee's answer to the relator's petition. On appeal the Appellate Court reversed the judgment and remanded the cause, with directions to overrule the demurrer and to dismiss the petition at the costs of the relator, and the relator appealed to this court.

The order of the Knights of Pythias is a voluntary fraternal organization, composed of a central body called the supreme lodge and of grand and subordinate lodges,

the relator being one of such subordinate lodges. Appellee is the grand lodge of this State, and both it and the relator are incorporated under the laws of this State. The supreme lodge is incorporated in the District of Columbia under act of Congress. The grand lodge issues to the subordinate lodges within its jurisdiction, upon their organization, the charters under which they are governed and fixing their relations to the order. By the laws of the order, however, the power of adopting all necessary laws for the government of the grand and subordinate lodges resides in the supreme lodge. Such are the internal arrangements of the order, but the several lodges, as mere corporate entities, are independent of each other.

This controversy has its origin in the refusal of the relator, as a subordinate lodge, to adopt and use the new ritual prescribed by the supreme lodge to be printed and used in the English language only, and to surrender to the grand lodge, appellee, all translations of the ritual of the order into any other than the English language, and to obey the laws of the supreme and grand lodge to cease the publication and use of such ritual in the German language. So far as the laws of the order go, the supreme lodge had the power to make the law or regulation in question and to enforce it upon its subordinate lodges by its own system of government, and the relator could have no cause of complaint in the civil courts so long as its civil or property rights were not infringed. The supreme lodge had decreed that after a certain prescribed date the use of any other subordinate lodge ritual than the revised ritual which had been adopted and prescribed should be forbidden as illegal. The relator was duly informed of this action and notified to conform to it. It refused. It was thereupon, in accordance with the laws of the order, cited to appear before the grand tribunal, where it appeared without any objection as to jurisdiction, entered its general denial of the charges of

disobedience preferred against it, admitting, however, that it used the German ritual, and pleaded in justification the permission given by the authorities of the order and a by-law adopted previously to the promulgation of the new or revised ritual. After a full hearing the relator was found guilty, in part, of the charges made, and judgment was rendered by the grand tribunal that said lodge (the relator) surrender and deliver, or cause to be surrendered and delivered, on or before February 18, 1895, to the grand chancellor of the domain of Illinois, or his successor, all the copies in the German language, written or printed or partly written or printed, of the ritual now in its possession or under its control, and in default thereof that it stand suspended until such time as it would fully and completely comply with the said judgment and mandate. The relator, as such subordinate lodge, still refusing to comply, appealed from this judgment of the grand tribunal to the supreme tribunal of the order, and in pursuance of the rules filed its transcript of the record with its assignment of errors thereon with the proper officer, but without waiting for the hearing of such appeal, and within a few days after filing its record, filed this petition in the Superior Court of Cook county.

It would seem clear from all the authorities that the relator had no standing in a court of law, at the time of filing its petition, to demand a redress of its alleged grievances in a proceeding of this character. By the laws of the order the supreme lodge had the power to make the prescribed change in its ritual, and in the manner and language in which it should be published and used. The new regulation was not directed against the German language alone, nor against the relator, but against the translation, publication and use of the ritual in any foreign language. The relator had no vested right, on account of previous by-laws and regulations, in the continued use of the old ritual, or in its use in the German language, and still retain its standing as a

subordinate lodge of the order. The grand tribunal had jurisdiction to hear and determine the charges against the relator, and its judgment was not void. It is well settled that *mandamus* will not lie in such a case to re-instate a member, or, as in this case, to re-instate the relator to its previous standing in the order, where the remedy by appeal to a higher tribunal in the order has not been exhausted. *People ex rel.* v. *Order of Foresters,* 162 Ill. 78.

The judgment of the Appellate Court reversing and remanding the judgment of the Superior Court, with directions to dismiss the petition, might well be affirmed on this ground alone. But appellant insists that its property rights, and the property rights of its members belonging to what is called the "endowment rank," have by the unlawful action of the grand lodge been practically destroyed. It is alleged in the petition that the relator paid certain sums of money for its charter and certain other sums for various other purposes, and for the paraphernalia of the order to be used by its officers and members at its meetings in the performance of its secret work under the laws of the supreme and grand lodges, and that it was required and did pay twenty-five cents per annum for each member. It is also alleged "that by virtue of its constitution and by-laws it has, ever since its organization, maintained a sick relief fund for the benefit of its sick and disabled members, from which fund such sick and disabled members are entitled to receive the sum of five dollars per week each during the time of their sickness or disability; that said fund is established and augmented solely from the regular yearly contributions of all its members of six dollars per annum of each member, and that said contributions are made by its members in consideration of the benefits to them as members of said order." It is then alleged that its pecuniary interests depend upon its being recognized by the supreme and grand lodges of the order and upon its receiving the secret pass-word of the order. It would seem to be a sufficient

answer to all of these allegations to say that the relator has but to comply with the reasonable regulations and laws made and enacted by the order for its government and it may thus preserve and maintain all its rights and privileges, pecuniary and otherwise, which spring out of or are incident to its relation to the order. There is no allegation in the petition that the appellee was about to take from it any of the moneys or property which it alleges it owns or has provided for its use or the use of its sick and disabled members, and if there were, *mandamus* would not be the proper remedy to prevent such unlawful seizure. The mere suspension of the relator as a subordinate lodge in the order does not affect its organization as a corporation, and its corporate existence will continue notwithstanding its affiliation with its superiors in the order may cease, and if, in its discretion, it prefers to be governed by rules and regulations of its own creation or by those which have been superseded by the supreme body, rather than by such as may be enacted by the governing power of the order, it must suffer whatever loss it may sustain by reason of its ceasing to be a subordinate lodge of the order in good standing. The injury is voluntarily self-inflicted.

There is also this further allegation in the petition: "That there has been established and maintained by said order what is called the 'endowment rank,' to which only members of said order in good standing and attached to a subordinate lodge of said order may belong, which has for its object to secure to the survivors of a deceased member the payment of a mortuary benefit, amounting to from $1000 to $5000, which may be applied for by such member in his lifetime; that petitioner's lodge is at the present time composed of one hundred and one members; that of these members twenty-eight are also members of said rank; that their legal rights, as well as of those persons for whose benefit they may have attached themselves to said rank, require that petitioner be duly recog-

nized by said central bodies as in good standing in said order, and that it receive from said central order the secret pass-word used by said order, to be imparted to all its members for identification, otherwise the members of petitioner's lodge will leave the same and endanger its existence." No ground is shown upon which the relator can in this proceeding represent its individual members as members of the endowment rank of the order, and so far as injury to itself is alleged, it is properly met with the same answer given to other allegations of the petition. We do not find that any legal rights are properly involved in this proceeding, and the "courts are always reluctant to interfere with the disciplinary powers of voluntary organizations, whether incorporated or unincorporated." *People ex rel.* v. *Order of Foresters, supra,* and cases there cited.

Finding no error in the judgment of the Appellate Court, it will be affirmed.             *Judgment affirmed.*