# Women's Catholic Order of Foresters v. Margaret A. Haley.

1. PRACTICE—*Effect of a General Demurrer.*—A defendant, by filing a general demurrer, concedes the truthfulness of allegations of fact which are properly stated in the bill.

2. SAME—*General Demurrer, When to be Overruled.*— A general demurrer must be overruled if any substantial and essential part of the complaint is within the jurisdiction of a court of equity.

3. BENEFICIARY ASSOCIATIONS—*Expulsion of Members.*—A judgment of expulsion made by the lower tribunal of a beneficiary association, when it has no jurisdiction, for want of notice to the member expelled, or for want of authority to entertain the charge brought against him, is to be regarded as void, like a judgment rendered by a court having no jurisdiction over the person or the subject-matter; and in case of the rendition of such void judgment the member affected by it is not bound to take steps to have it reversed in the higher tribunals of the association.

4. SAME—*Proceedings for Expulsion.*— Proceedings for expulsion from a beneficiary association must be in accordance with its constitution and by-laws, to the extent that the member expelled shall have notice, and shall be tried upon a charge within the jurisdiction of the tribunal trying him.

**Bill for Injunction.**—Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed January 2, 1900.

**Statement.**—Appellee filed her bill of complaint, alleging, among other things, that she is a member of a subordinate court of the Women's Catholic Order of Foresters, an incorporated fraternal beneficiary society, organized under the laws of Illinois; that she holds an endowment certificate from the high court of said order for $1,000; that her dues and assessments are paid in full, and that there are no charges against her; that she was elected a delegate to the annual session of said order, which convened in Chicago April 26, 1898, and attended as a delegate, representing the court of which she is a member; that said annual session has no power or authority under the laws of said order, and no original jurisdiction under its constitu-

tion, to sit as a trial court or expel a member; that at a session held April 29, 1898, in her absence, she was declared expelled from membership and her insurance in the order declared forfeited; that under the constitution and by-laws every member of the order is entitled to a trial for every offense before the penalty of expulsion can be pronounced; that no charge of violation of the laws of the order was made against her, and she never had any trial; that she was declared expelled in her absence and without her knowledge, by the high chief ranger, then presiding over the convention, upon a vote of said annual session taken upon a motion to that effect, and has been so declared expelled by said annual session and by the high court in violation of and notwithstanding the laws of said order; that she has exhausted every remedy provided by law within said order to have her rights protected and membership restored, without avail, and that it is now the purpose of the high court of said order to publish among all the courts of the order, numbering 260, a notice of the expulsion of said complainant from said order. Complainant states that she has been engaged as a teacher in the public schools of Chicago fifteen years, has always enjoyed a good reputation and a large salary, and is well and favorably known in educational circles; that such publication among 17,000 members in Chicago and others in the United States will work her irreparable wrong and injury. She prays, therefore, for an injunction restraining the said appellants, the Women's Catholic Order of Foresters, its high chief ranger and high secretary, from publication of the notice of expulsion among the subordinate courts and members, or from taking any further proceedings therein, and asks the court to decree that the acts and proceedings taken to expel her and deprive her of her insurance are null, void and of no effect; "and further decree and find that your oratrix is a member of said order in good standing, and entitled to all the rights and privileges of such a member."

A temporary injunction was issued in accordance with the prayer of the bill.

.Appellants entered their appearance, and filed general demurrers to the bill. A hearing was had upon the demurrers, which were overruled. Appellants having elected to abide by their demurrers, a final decree was entered, making the temporary injunction restraining the publication of notice of complainant's expulsion permanent, and finding complainant to be "a member of said order in good standing, and entitled to all rights and privileges of a member in good standing, and that her membership therein is, notwithstanding said attempted expulsion, perfect and complete."

From this decree the appeal is prosecuted.

JOHN D. CASEY, attorney for appellants; CHARLES B. OBERMEYER, of counsel.

CANNON & POAGE, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is claimed by appellants that the prayer of the bill is in effect to restore appellee to membership. The language of the prayer is, however, that the court "find that your oratrix is a member in good standing, and entitled to all the rights and privileges of such a member," and the decree finds accordingly. No effort is made in the bill and no order entered, directing the appellants to take any affirmative action to restore membership or reinstate appellee. The prayer is for a finding that notwithstanding the "attempted expulsion," such membership still exists. The decree finds in substance that the proceedings did not have the effect to deprive appellee of her membership in the order. Cases holding that a court of equity has no power to in effect reinstate such member by injunction are not therefore in point. The only restraining order sought is to prevent the sending out of notices of an expulsion which, according to the allegations of the bill, was never legally effected under the laws and regulations of the order itself.

There is language in the bill and in the decree which is not entirely free from ambiguity. The prayer of the bill is,

and the decree directs, that appellants be restrained from sending out notices of such expulsion, " or from taking any further proceedings of any kind or nature in the matter." We construe this to mean, however, from the context, not that the Order is restrained from proceeding regularly in accordance with its laws and constitution, and in accordance with its usual practice, to try appellee upon proper charges regularly preferred in the same way and to the same extent as any other member, for offenses such as may, under the laws governing the order, warrant discipline or expulsion; but that the force and effect of this part of the restraining order is merely to protect appellee against further proceedings under the attempted expulsion, which was illegal and void under the laws of the order itself.

The bill in this case does not set forth in detail the constitution and laws of the order, and we have no means of knowing from this record what the actual powers of the annual session are. It is alleged, however, that they do not include the authority which was sought to be exercised, and it is said that no such power existing, it is not possible to do more than set up the fact of such non-existence. However doubtful that may be, appellants, by filing their general demurrer, concede the truthfulness of allegations of fact which are properly stated in the bill. It appears that there are no charges of any kind against appellee, and that by the laws of the order she was entitled to a trial for any alleged offense upon charges regularly preferred, which she did not have, and that the attempted expulsion was in her absence and without her knowledge, and by the mere arbitrary vote of a body having no jurisdiction. In The People v. Order of Foresters, 162 Ill. 78, on page 83, it is said:

" A judgment of expulsion made by the lower tribunal, when it has no jurisdiction for want of notice to the member expelled, or for want of authority to entertain the charge brought against him, is regarded as void, like a judgment rendered by a court having no jurisdiction over the person or the subject-matter; and in case of the rendition of such void judgment, the member affected by it is not bound to take steps to have it reversed in the higher tribunals of the society. * * * In other words, the proceeding for expul-

sion must be in accordance with the constitution and by-laws of the society, to the extent that the member expelled shall have notice, and shall be tried upon a charge within the jurisdiction of the tribunal trying him."

There is, however, it is said, a distinction between cases where the validity of expulsion is involved in defense to an action upon a benefit certificate, and where the controversy grows out of questions of discipline only. In the latter case it must appear that the remedies provided under the rules of the order, as by appeal, etc., have been resorted to.

Here it is alleged that appellee has exhausted every remedy at her disposal under the laws of the order, but without avail.

It is said the bill of complaint is insufficient, in that it does not set forth the facts upon which the general allegations and conclusions of the pleader are based. That this criticism is well founded as to much of the bill, is, we think, apparent. But there is, we think, in the bill a sufficient statement of material facts to entitle the plaintiff to the relief granted. A general demurrer must be overruled if any substantial and essential part of the complaint is within the jurisdiction of a court of equity. Brown v. Hogle, 30 Ill. 119, p. 139. If appellants desired a more specific and detailed statement of facts, they could have demurred specially. Having elected to abide by the demurrer and permitted a decree to go against them on the facts thus admitted, the demurrer must be held to be an admission of the allegations of the bill. K. & S. R. R. Co. v. Horan, 131 Ill. 288–305.

Upon the record as it is presented, the judgment of the Circuit Court must be affirmed.