## The People of the State of Illinois ex rel. John W. McPherson, Appellee, v. Western Life Indemnity Company et al., Appellants.

1. MANDAMUS—*when lies in favor of insured to compel company to restore him to membership.* Mandamus will lie in favor of the insured against the insurance company to compel the company to accept money tendered in payment of premiums and to restore him to membership where he was a member of such company and has complied with all its rules, by-laws and regulations.

2. INSURANCE—*provision granting period of grace for payment*

*of premiums subject to interest charge construed.* Where a condition attached to an insurance policy provides that ''A grace of 30 days subject to an interest charge at the rate of 5% per annum shall be granted for the payment of every premium after the first year,'' it must be understood as meaning that thereunder the insured may be chargeable with such interest on the deferred payment during the time intervening between the time payment was due and its payment.

3. INSURANCE—*when company cannot expel insured because interest charged not tendered.* An insurance company has no immediate ground to expel a member and cancel his policy where the member tenders the premiums within the time specified in a provision that 30 days' grace subject to an interest charge shall be granted for the payment of premiums, though such member does not tender the interest, which is not charged to him, since if the company has an interest charge against him it cannot discharge or expel him until the interest is charged against him and he has been given an opportunity to pay it after notice.

Appeal from the Circuit Court of De Witt county; the HON. WIL-LIAM G. COCHRAN, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed April 18, 1913.

THOMAS J. GRAYDON and HERRICK & HERRICK, for appellant.

INGHAM & INGHAM, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of DeWitt county overruling a demurrer filed by appellant to the bill filed herein by the appellee relator, and awarding a writ of mandamus against appellant, commanding it to accept certain money tendered it in payment of the premiums upon a life insurance policy, and to restore appellee to his membership in the appellant's insurance company.

The petition, in substance, charges that on April 1, 1910, the appellant Company was a corporation organized and doing business under and by virtue of the laws of the state of Illinois, and on said date entered

118        APPELLATE COURTS OF ILLINOIS.

The People v. Western Life Indemnity Co., 181 Ill. App. 116.

into, and delivered to appellee, a certain contract of insurance, and that under and by virtue of said contract, appellant did issue to appellee, payable to Laura C. McPherson, his wife, a life insurance policy, in the sum of $2,000. That the consideration for the said policy was that appellee would pay to appellant, the sum of $14.98, according to the terms of the contract of insurance; and that appellee has paid all of the premiums as they became due, except the payment of December, 1911, and on that occasion he offered to pay same on the 28th day of December, 1911, which was within the time fixed by his contract, and tendered to the proper officer the said sum of $14.98, but that said officer of appellant refused to accept same; and, that he has tendered and offered to pay said premiums each month thereafter as they became due, but appellant, on each occasion, refused to accept said payments. The petition further avers that appellant notified him that no further premiums would be accepted, and that his insurance policy had lapsed and was no longer in force; that ever since the receipt of the said policy appellee has abided by and conformed to every provision of the by-laws and rules of appellant; that on the 12th day of February, 1912, the appellee demanded of appellant that he be restored to membership in said company, and that his policy of insurance be kept, held, treated and regarded as in full force and effect, which said request was denied by appellant.

The petition concluded with a prayer for a writ of mandamus to require appellant to accept the premiums so tendered and restore appellee to his membership and to all his rights and privileges thereunder, and to treat said policy and contract as in full force.

The demurrer filed to the petition was both general and special. The causes of special demurrer are, (1) that mandamus will not lie to enforce a contract between a private person and a private corporation; (2)

that mandamus will not lie to enforce the fulfillment of an executory contract; (3) that the fact that appellant refused to accept and retain appellee's monthly payments will not warrant the issuance of the writ of mandamus; (4) that the provisions of item 4 of the conditions attached to the policy, required that there should have been tendered interest at the rate of five per cent per annum from December 1, 1911, to the date of the tender.

It is first insisted by appellant that mandamus will not lie in this character of proceeding. This question, it will be observed, is raised by the demurrer to the sufficiency of the petition. The demurrer admits everything contained in the petition, that is well pleaded, to be true.

The petition discloses the fact that appellee was a member of the appellant's company, and had complied with all of the rules, by-laws and regulations of said company; had paid all premiums within the time limited by the by-laws and the contract under which he received such policy. This squarely raises the question as to whether mandamus will lie under these circumstances, to compel the appellant to recognize the legal rights of appellee.

"Mandamus will also lie to compel a corporation to admit to membership one who is in law entitled to the franchise of a corporation, unless excluded by the operation of some valid regulation or by-law of that particular society. And where a party having a clear presumptive title, claim or admission to the exercise of a corporate franchise, the right of immediate expulsion should be clear and unquestioned, to justify the rejection of the claim." Moses on Mandamus, p. 183.

"The writ of mandamus has often been used to compel private corporations to restore to membership corporators whom they have wrongfully disfranchised or suspended." Merrill on Mandamus, par. 166.

120        APPELLATE COURTS OF ILLINOIS.

The People v. Western Life Indemnity Co., 181 Ill. App. 116.

"Notwithstanding the reasons stated for denial of mandamus to admit a person to membership in a private corporation, that of contractual relation, the general doctrine is that where a person has been illegally expelled from such an institution, mandamus will lie in proper cases." 2 Bailey on Habeas Corpus and Special Remedies, par. 308.

From these authorities we conclude that mandamus will lie in this class of cases, and that the facts set forth in this petition are sufficient to warrant the court in ordering the writ to issue.

We have not overlooked the contention of the appellant that the $14.98 tendered was not a sufficient amount, as provided in item 4 of the conditions attached to the policy, which reads as follows: "A grace of thirty days, subject to an interest charge at the rate of five per cent per annum, shall be granted for the payment of every premium after the first year, during which time of grace the insurance shall continue in force. If death occur within the thirty days of grace the unpaid portion of the annual premium for the then current policy year, shall be deducted from the amount payable hereunder."

"A grace of thirty days, subject to an interest charge at five per cent per annum," implies, and must be understood, as meaning that one who seeks to take the benefit of the thirty days allowed by this item 4, may be chargeable with interest at the rate of five per cent per annum on the deferred payment during the time intervening between the time the payment was due and its payment. The word "charge" is made use of, and that must be understood to mean that this item of interest, which in the case at bar amounts to about the sum of five cents, might properly be charged to appellee and after being so charged and notice having been given, if he failed to pay it would be cause for complaint.

It cannot be reasonably said that appellee was called upon to anticipate and figure out and tender the exact amount of the interest which appellant might make as a charge against him for his delinquency. The rule is well settled that one who has title to a corporate interest, cannot be expelled unless the right of immediate expulsion is clear and unquestioned. In this case there was no immediate ground under the policy or the conditions attached thereto, under which appellee could have rightfully been expelled and his policy canceled. At the date of the tender of the premium on the 28th day of December, 1911, he was a member in good standing, and was not delinquent in any respect so far as this record shows. It was the duty of the appellant to have received of appellee the premium tendered and to have given him credit therefor as of that date, and also to have received and given him credit for the subsequent amounts tendered, as disclosed by appellee's petition. If it had a charge against appellee of an interest account, it was not within the privilege of appellant to discharge or expel him as a member until said item of interest had been charged to him and he had been notified and been given an opportunity to pay the same.

The holding of the court below was proper and right and it is the duty of the appellants to restore appellee to all his rights, privileges and benefits existing at and prior to the attempted expulsion of appellee.

The judgment of the court is affirmed.

*Affirmed.*