The People of the State of Illinois ex rel. Alfred G. Tolley, Appellee, v. Illinois Bankers Life Assurance Company of Monmouth, Appellant.

Gen. No. 8,986.

Opinion filed December 5, 1935. Rehearing denied January 9, 1936.

H. T. MARTIN and BARDENS & MELBURG, of Monmouth, and HARDY, HARDY, HARDY & WITHERELL, of Galesburg, for appellant.

HAL M. STONE and BRANSON WRIGHT, both of Bloomington, for appellee.

MR. PRESIDING JUSTICE HUFFMAN delivered the opinion of the court.

This was an action in mandamus brought by appellee against appellant to compel his reinstatement as a member of appellant assurance company, together with a reinstatement of the insurance contract between them. Appellant filed a general demurrer to the petition, which was overruled. Appellant elected to stand by its demurrer, whereupon judgment was rendered against it pursuant to the petition.

On July 27, 1908, appellee filed his application for a certificate of membership in the Illinois Banker's Life Association of Monmouth, Illinois. Pursuant to such application, certificate of membership was issued to appellant in the sum of $2,000. The contract provided that the member should pay all premiums levied thereunder and that in default of such payment, his rights should cease upon expiration of the time fixed for such payment. On November 19, 1929, the above association entered into a reinsurance contract with the Illinois Banker's Life Assurance Company, which contract was approved by the director of trade and commerce of Illinois, under the above date of November 19, 1929. By this contract appellant agreed to accept the transfer to it and to reinsure all certificates and policies held by members of the association who were in good standing, including members therein whose policies had lapsed but who might be reinstated in accordance with the terms of such certificates or policies.

It appears from the petition of appellee that it had been the established custom and course of dealing between him and the appellant and its predecessor company, for him to mail the premiums assessed upon his policy, from the post office at Rapatee, Illinois, which

was his mailing address, to the company at its mailing address in the city of Monmouth, Illinois; that shortly prior to October 1, 1933, he received notice of a premium assessment for the sum of $12.37, which became payable within 30 days from Oct. 1, ·1933; that he purchased a money order at the post office in Rapatee, for the payment of said premium, made payable to appellant company, which money order he placed in a sealed envelope addressed to appellant company with postage thereon, in sufficient time to reach the office of appellant at Monmouth, Illinois, prior to the expiration of the due date for such premium; that no subsequent premium became due until in the month of January, 1934; that upon failure to receive notice of this premium assessment, he made inquiry of appellant as to the amount of such assessment, whereupon he was for the first time informed by the company of its failure to receive his premium of October, 1933, and that his policy of insurance and certificate of membership had therefore lapsed. Appellee alleges attempt to pay to appellant the premium assessment which became due, but that appellant refused to accept same; that he does not know the amounts of subsequent assessments levied by appellant upon a membership such as held by him, and that appellant has refused to advise him of such amounts, although he has made repeated demands. The petition prays for writ of mandamus to issue directing appellant to take and receive from petitioner such sum as may be due and that the contract between them be reinstated as it existed October 1, 1933. Appellee also alleged and prayed for $250 as his damages sustained by way of attorney fees, together with costs.

The first and main contention made by appellant in its brief and in the oral argument presented is that mandamus is not the proper remedy and that such action will not lie in a case of this kind. The right of

mandamus has long been recognized to compel reinstatement by a member of a benefit society who has been wrongfully expelled. *Society for Visitation of the Sick v. Commonwealth,* 52 Pa. 125, 91 Am. Dec. 139. If the contract does not make reinstatement optional with the company, a compliance with the conditions imposed by the terms of the contract and of the rules and by-laws of the company gives the insured the absolute right to reinstatement. Bacon, Life and Accident Insurance, 4th ed., Vol. 2, par. 495. The officers of the company are not justified in rejecting an application for reinstatement where the insured has complied with the requirements of his contract. Under such circumstances, it is said that the proper remedy to be pursued by the insured is mandamus, and that such member can properly be restored to membership by such action. Joyce, Law of Insurance, 2nd ed., Vol. 5, p. 5866; 8 Couch on Insurance, p. 6335; *People v. Western Life Indemnity Co.,* 181 Ill. App. 116. It has further been said that unless the contract of insurance restricts or abridges the right of a member to resort to the courts, the mere fact that he has a right of appeal within the order does not prevent a legal action. 8 Couch on Insurance, p. 6571. The above general reference books afford many citations of authorities upon the principles above announced.

Appellant also urges that before mandamus will lie for reinstatement by the member, such member must have exhausted his remedies within the association. Mutual benefit societies vary widely in their purposes, organization, and activities. A great variety of such societies have existed from time to time. The diversity of these orders, each being organized for its own special purpose, with rules and by-laws peculiar to its particular designs, makes it almost impossible for the courts to announce any one principle of law that will suffice under all conditions. In many cases it has

been said that one seeking restoration to membership must first exhaust his remedies within the order or society before resorting to the courts. But here there is nothing to show that appellee had any remedies with the company other than to pay such premium assessments as might be levied by the appellant company from time to time. The appellee avers that he made all of the payments from 1908 to that of October, 1933; that they were made to the home office of the company by mail; that this had been the established practice and custom of appellee in making payment of assessments to appellant company; that the premium of October, 1933, was mailed to appellant as usual and customary; and that appellee had no notice that appellant claimed it had not received the remittance until he made inquiry as to the amount of the next premium which came due in January, 1934, whereupon he was for the first time notified by appellant of its failure to receive his remittance of October, 1933.

Those cases having to do with the member exhausting his remedies within the society, are quite similar to that of *People v. Women's Catholic Order of Foresters*, 162 Ill. 78, where certain disciplinary powers of the society are brought to bear against a certain member, resulting in his expulsion. However, a member of an insurance organization who has been suspended for nonpayment of dues must bring himself within the provisions of the contract with the company before he is entitled to reinstatement, or establish some waiver thereof.

Appellant objects to the manner employed by appellee in making remittance of the October, 1933, premium, and of the averments with respect thereto. In view of the long established custom and practice by the appellant and appellee with reference to the manner of remitting premiums, we consider the method used sufficient. *Protection Life Ins. Co. v. Foote*, 79

Ill. 361. And upon general demurrer, we consider the averments relative thereto sufficient.

As the record stands in this case, the petition of appellee must be accepted upon its face, and we are of the opinion that the same was sufficient as against a general demurrer. The judgment of the trial court is therefore affirmed.

*Judgment affirmed.*