MASBRUCH, Respondent, vs. VON OEHSEN and others, Appellants.

*April 12—May 2, 1916.*

*Religious societies: Interference with member's rights: Personal wrong of trustees: Injunction: Parties: Jurisdiction of civil courts.*

1. In an action to restrain trustees of a religious society from interfering with the exercise by plaintiff of his rights as a member of the corporation, a complaint alleging that defendants acted unlawfully, beyond the scope of their authority as trustees, and contrary to the constitution, by-laws, and ordinances of the corporation, in causing plaintiff's name to be stricken from the church roll and in denying to him his rights as a member of the corporation, to which he had always paid his dues and contributed large sums of money, and that their acts were neither authorized nor assented to by the corporation, shows that such acts were the personal tort of the defendants; and the corporation itself, though a proper party defendant, is not a necessary party.
2. Upon the facts so alleged the action does not involve an interference with church faith, doctrine, or discipline, nor the review of any action of the corporation through its officers, but is based on an unlawful interference with civil rights secured to the plaintiff by the constitution and by-laws of the corporation, which wrong the civil courts have jurisdiction to prevent or redress.

APPEAL from an order of the circuit court for Grant county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed.*

This action was brought to restrain the defendants, trustees of an incorporated church bearing the title of Evangelische-Lutherischen Friedens Gemeinde zu Platteville, Wisconsin, also known and described as Die Corporation der Deutschen Evangelische-Lutherischen Friedens Kirche zu Platteville, Wisconsin, from interfering with the plaintiff in the exercise of his rights of membership in that corporation by virtue of a resolution or order of the defendants directing the secretary of the corporation to strike his name from the roll of members, and from preventing him from taking part as a member of the corporation in the meeting of the members, and from

interfering with or preventing plaintiff from exercising and using the rights and privileges belonging to him as a member.

The complaint alleges, among other things, that the defendants were trustees of a religious corporation organized under the laws of the state of Wisconsin; that said corporation was duly perfected as a corporation for religious purposes under the statutes of Wisconsin and had existed for more than twenty years immediately preceding the commencement of this action, and maintained a church and school at the city of Platteville in Grant county, Wisconsin; that for the conducting of the business of the corporation the articles of organization provided that a board of trustees composed of six persons should be elected, whose chairman should be the permanent minister; who in case of a tie should cast the deciding vote, and that two of the trustees should be elected to the office of church elders; that the articles of organization also provided that in accordance with the laws of Wisconsin the trustees should hold office for three years, and further provided that the organization should have the right through the trustees to buy and to sell, to receive gifts and bequests, and to sue and be sued, and that religious services shall be held in the German language as long as five members of the organization desire it; that the corporation adopted certain by-laws and ordinances which have been in force for many years and are still in force, under which the temporal affairs of said corporation are administered and the services in said church are conducted, and prescribing the duties and rights of members and officers and the method of admitting persons to membership in said organization and the method of suspending and expelling members from said organization.

Other provisions of the by-laws and ordinances are set forth in the complaint.

The complaint further alleges that said church ordinances provide a method of excluding members who have failed to observe the provisions of the church ordinances, but provide for a hearing before the organization and the decision of the

organization in a meeting of the members; that neither by the articles of organization, by-laws, or ordinances is any other method provided for the excluding or expelling of a member from said organization or corporation; and that neither the articles of organization, by-laws, or ordinances of said corporation give to or confer upon the board of directors or any officer or member thereof, or any other person, or any board or committee, power or authority to exclude a member or to strike his name from the list of members, or to exclude a member of said corporation from any right, privilege, or prerogative which such membership confers or secures.

It is further alleged in the complaint that exclusion or expulsion of a member of said corporation under the by-laws and ordinances deprives him of all rights and privileges as a member of said corporation and deprives him and his family of the right to participate in the ceremonies and services of said church, and among other privileges deprives him of the right to send his children to the school conducted by said organization, and of the privilege of burial from the church of said organization, and from the right to receive spiritual services of the resident pastor of the church, and from obtaining the services of said pastor in cases of baptism, confirmation, communion, marriage, sickness, and death; that during all the years of its existence said organization has been and is an independent organization and church, not subject to or subordinate to any other church or religious body; that for several years immediately preceding the commencement of this action plaintiff has been a member of said organization in good standing and has contributed a considerable sum of money for the support of said corporation; that on the 5th day of July, 1914, the defendants, trustees of said corporation, without cause and unlawfully, caused and directed the secretary of said board of trustees to strike the name of this plaintiff from the roll of members of said corporation, and said secretary did strike plaintiff's name from the roll of members,

and said trustees have ever since refused to restore his name to the roll of members and refuse to permit plaintiff to exercise the rights and privileges of a member of said corporation, as a result of which plaintiff has been and is deprived of all rights and privileges as a member; that plaintiff's name was stricken from the rolls without notice and without his knowledge or consent, and that said acts of defendants were not done in pursuance of any action or order of the members of said corporation, and were contrary to the articles of organization of said corporation and not authorized by any provision of the by-laws or ordinances.

The prayer is that the defendants be restrained and enjoined from excluding or attempting to exclude the plaintiff's name from the roll of members of said corporation, and from preventing plaintiff from taking part as a member in the meetings, and from interfering with or preventing plaintiff from exercising the rights which lawfully belong to him as a member, and for general relief.

The defendants demurred to the complaint on the grounds: (1) want of facts sufficient to constitute a cause of action; (2) that the court had no jurisdiction of the person of the defendants; (3) the court had no jurisdiction of the subject of the action; (4) defect of parties by reason of omission of the corporation as a defendant.

The demurrer was overruled with leave to answer upon payment of $10 terms. From the order overruling the demurrer this appeal was taken.

For the appellants there were briefs by *Kopp & Brunckhorst,* and oral argument by *L. A. Brunckhorst* and *A. W. Kopp.* To the point that membership in a church involves no civil or property right which will give the civil courts jurisdiction to review the action of the church authorities, they cited *Hatfield v. DeLong,* 156 Ind. 207, 59 N. E. 483, 51 L. R. A. 751; *Waller v. Howell,* 20 Misc. 236, 45 N. Y. Supp. 790; *Pinke v. Bornhold,* 8 Ont. L. Rep. 575; *Sale v.*

*First Regular Baptist Church,* 62 Iowa, 26, 17 N. W. 143; also cases cited in notes to 36 L. R. A. N. s. 947

*J. W. Murphy,* for the respondent.

KERWIN, J.   The defendants are trustees of a corporation organized under the laws of the state of Wisconsin.   The corporation was a proper party defendant in the instant suit, but under the allegations of the complaint it was not a necessary party.

The allegations of the complaint negative the idea that the defendants were acting within the scope of their authority as trustees when they struck plaintiff's name from the church roll and denied him his rights and privileges as a member of the corporation.   The complaint shows that the acts of the defendants were neither authorized nor assented to by the corporation, but were without authority and contrary to the constitution, by-laws, and ordinances of the corporation. Under such circumstances the acts of the trustees were their wrong, their personal tort, and not the wrong or tort of the corporation.

The allegations of the complaint show that the plaintiff has never been excluded from the corporation, and that all the acts and doings of the defendants in striking his name from the roll and denying him his rights and privileges as a member of the corporation are without authority and unlawful; that the corporation never authorized, ratified, or assented to the acts of the defendants; that plaintiff is still a member of said corporation in good standing; that plaintiff has contributed large amounts of money to said corporation and has always paid his dues; that since defendants struck plaintiff's name from the roll of members of the corporation they have refused and still refuse to permit plaintiff to exercise the rights or privileges of a member of the corporation, and refuse to permit him to take part as a member in meetings of

the members of the corporation and threaten to refuse to recognize him as such member in the future.

It is contended by appellants that the court has no jurisdiction of the person or subject matter and that the complaint does not state facts sufficient to constitute a cause of action.

Under this head it is insisted that the case made involves matter of church doctrine and discipline and is beyond the jurisdiction of civil courts. The rule contended for by appellants and to which many authorities are cited, is stated in 24 Am. & Eng. Ency. of Law (2d ed.) 348, thus:

"The ecclesiastical courts have exclusive jurisdiction in matters of church government, church organization, religious tenets, the laws of religious adjudications, and all other matter pertaining solely to the church as such: with these the civil courts cannot interfere. The jurisdiction of the civil courts to interfere with ecclesiastical controversies is limited to those cases in which the rights of property or civil rights are involved."

The cases cited by appellants' counsel do not reach the instant case. Here it is not a question of attempted interference with church faith, doctrine, or discipline, nor review of any action of the corporation through its officers. Under the allegations of the complaint the civil rights of the plaintiff secured to him by the constitution and by-laws of the corporation have been unlawfully interfered with to his injury by the defendants.

The civil courts have jurisdiction to redress such wrongs, even though done by the corporation. *West Koshkonong Cong. v. Ottesen,* 80 Wis. 62, 49 N. W. 24; *State ex rel. Cuppel v. Milwaukee Chamber of Commerce,* 47 Wis. 670, 3 N. W. 760; *Hellstern v. Katzer,* 103 Wis. 391, 79 N. W. 429; *Marien v. Evangelical Creed Cong.* 132 Wis. 650, 113 N. W. 66; *State ex rel. Weingart v. Board, etc.* 144 Wis. 516, 129 N. W. 630.

In the instant case, however, no claim is made against the corporation. The allegations of the complaint are to the effect that the acts of the defendants were not the acts of the corporation, but the unauthorized and unlawful acts of the defendants, and were null and void. We are convinced that the complaint states a good cause of action against the defendants and that the corporation is not a necessary party defendant.

*By the Court.*—The order is affirmed.

