CALLAHAN and wife, Appellants, vs. ORDER OF RAILWAY CONDUCTORS OF AMERICA, Respondent.

*March 5—April 2, 1919.*

*Insurance: Benefit societies: Fraternal orders: Expulsion of members: Construction of laws: Grievance "in the hands of a committee:" Trials: Appeals.*

1. Voluntary unincorporated fraternal administrative orders such as the defendant in this case have a right to prescribe any reasonable grounds for the expulsion of members; courts will not look into the technical correctness of either the proceedings prescribed or the proceedings followed; and any reasonable or permissible construction which such an order gives to its own constitution, laws, or rules will govern unless clearly subversive of personal or property rights.

2. A law of the defendant order providing for expulsion of any member "who by verbal or written communication to the railroad officials or others interferes with a grievance that is in the hands of a committee" applies to all grievances actually in the hands of a committee and considered so to be by the committee itself and by all parties interested, regardless of mere technical defects in the manner of the appeal by which they came before the committee.

3. A member who did not, in any of his several trials for interference with a grievance actually in the hands of a committee, make any claim that the matter was not lawfully before the committee at the time of such interference, cannot in an action for damages for his alleged unlawful expulsion be heard to question the regularity of the appeal to the committee.

4. The constitution of the defendant order authorized the president to "interpret all laws of the order, subject to appeal to the next session of the grand division." A law gave him power to annul any trial before a subordinate division and to

remand the case for a new trial either to "the division having original jurisdiction" or to any one of the three divisions nearest thereto. A ruling by the president that upon the annulment of a second trial in a division other than that in which the first trial was had, the case might be sent back for a third trial to any one of the three divisions nearest to that in which the second trial took place, was acquiesced in by the grand division. *Held,* that such ruling interpreted in a permissible way the words "original jurisdiction" and hence became a law of the order.

5. Under sec. 32 of the laws of the order, relating to trial of members, when the president annulled an acquittal the case must be sent to a subordinate division for retrial; and when he affirmed a conviction the case must be sent to the board of directors, and the decision of that board was made final. Another section gave a right of appeal to the grand division from the decision of the president, "except as provided in" said sec. 32. *Held,* that no appeal lay to the grand division from a decision of the president annulling an acquittal and sending the case to a subordinate division for retrial.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

Action to recover damages for alleged unlawful expulsion from the defendant order. The plaintiff *Patrick Callahan* joined his wife, *Emma,* as a party because she was a beneficiary in a benefit certificate issued to him by the order. Hereafter he will be referred to as the plaintiff. The defendant is a voluntary unincorporated fraternal order organized under the laws of Iowa, whose members are railway conductors of the United States and Canada. It has a constitution and set of laws denominated statutes under which it is governed. It has a president and board of directors, general committees, and a grand division composed of certain officers and delegates from local divisions that meets triennially at a place designated by it. The powers of the grand division as defined by the constitution are: "First, legislative; second, executive; third, judicial. All general powers, legislative, judicial, and executive, not expressly delegated to subordinate divisions, and all powers necessary

to enforce or carry into effect this constitution or any laws hereafter enacted, repose in the grand division." The constitution also provides that the president "shall interpret all laws of the order, subject to appeal to the next session of the grand division." Sec. 32 of the statutes provides that:

"The proceedings and evidence in any trial shall, upon the request of any member, be submitted to the president for review, and he shall have the power to set aside and annul any trial, and remand it for a new trial, to either the division having original jurisdiction, or to any one of the three divisions nearest the one having original jurisdiction.

"Request for review of trial must be made within three months from date of trial, and proceedings and evidence must be submitted to the president within six months of date of trial. If the trial result in a verdict of expulsion and the decision of the division is affirmed by the president, the records reviewed by the president, and his decision, shall be submitted to the board of directors at their first meeting thereafter, and the decision of the board of directors shall be final in the case."

Sec. 33 provides that:

"Any member shall have the right to appeal to the president from the decision of any division and, except as provided in sec. 32 of the statutes, from the decision of the president to the grand division, provided such appeal is taken before the close of the fiscal year following that in which the decision appealed from was made."

Sec. 43 provides that:

"Any member, including complainant, who by verbal or written communication to the railroad officials or others interferes with a grievance that is in the hands of a committee, shall be expelled when proven guilty."

In April, 1914, charges were preferred by one O'Malley against plaintiff to the effect that he with others sent a written communication to Mr. Dailey, superintendent of the Wisconsin division of the Chicago & Northwestern Railway Company, interfering with a matter involving the seniority

rights of three conductors of said road which Dailey then had for adjustment with the general committee. Plaintiff was a member of division 46 at Milwaukee and was tried before said division and acquitted. O'Malley appealed to the president, and the verdict of acquittal was set aside and the case sent to division 293 at Chicago, which division also acquitted him. O'Malley again appealed to the president, and he again set aside the verdict of the division and sent the case to division 41 at Blue Island for trial. Plaintiff objected to the jurisdiction of this division for reasons stated in the opinion, but his objections were overruled and he was tried and convicted. He appealed to the president and his conviction was affirmed. The case then went to the board of directors, and upon its affirmance of the conviction he was expelled and his benefit certificate canceled. To review the validity of the proceedings of the order expelling him plaintiff instituted this action. The trial court entered judgment dismissing the complaint upon the merits, and plaintiff appealed.

*Lawrence A. Olwell* of Milwaukee, for the appellants.

For the respondent there was a brief by *Lines, Spooner & Quarles* of Milwaukee, attorneys, and *John M. Grimm* of Cedar Rapids, Iowa, of counsel, and oral argument by *George Lines.*

VINJE, J.   Plaintiff does not seriously challenge the fact that the charge brought against him constituted an offense under the statutes, which if proven, according to the rules of the order, justified his expulsion. He admits he signed the remonstrance that was sent to Dailey and concedes that it constituted an interference within the meaning of sec. 43 of the statutes if there was a matter properly before the general committee. But he claims (a) that there was no matter for adjustment lawfully before the general committee; (b) that division 41 at Blue Island had no jurisdiction to try him; and (c) that he was denied the right of appeal to the grand division from the decision of the president setting aside his ac-

quittal and remanding the case to division 41 at Blue Island for retrial. Bearing in mind that fraternal administrative orders such as defendant have a right to prescribe any reasonable grounds for expulsion, and that courts will not look into the technical correctness of either the proceedings prescribed or the proceedings followed, and that any reasonable or permissible construction which an order gives to its own constitution, laws, or rules will govern unless clearly subversive of personal or property rights, we will consider the material errors raised by the plaintiff upon this appeal.

The contention that the matter was not lawfully before the general committee rests upon the claim that O'Malley could not take an appeal to the general committee. It appears that he was chairman of local division No. 46 and that he had filed a remonstrance against the division's act because it affected his seniority rights. It may be a matter of some doubt or dispute as to whether or not technically he was entitled to appeal. The fact is he did appeal to the general committee. The record was sent to it. It considered that it had jurisdiction. So did all the parties thereto, of which plaintiff was not one. It had jurisdiction of the subject matter, and the only defect, if any, was in the manner in which the matter came before it. Plaintiff in none of the trials before any of the divisions made any claim that the matter was not lawfully before the general committee at the time his interference therein was made. So it must be deemed that since he was not a party to the proceeding and hence not affected by any technical defect in the manner of the appeal, since the parties thereto as well as the general committee considered the matter properly before it, and since he never raised the question below, he cannot now be heard to question the regularity of the appeal. The fact is the matter was actually in the hands of the general committee for adjustment at the time his interference was made, and that is sufficient under the laws of the order. They provide that "any member, including complainant, who by verbal or

written communication to the railroad officials or others interferes with a grievance that is *in the hands of a committee,* shall be expelled when proven guilty." Rationally construed, this must include all grievances actually in the hands of a committee and so considered to be by all parties interested therein.

The claim that division 41 at Blue Island had no jurisdiction to try plaintiff is based upon the provision of sec. 32 of the statutes of the order, quoted in the statement of facts, requiring the president, in case of his setting aside an acquittal, to send the case back to the division having original jurisdiction or to any one of the three divisions nearest to the one having original jurisdiction. It will be remembered that plaintiff was first tried before his own division 46 at Milwaukee, then before division 293 at Chicago. It is admitted that division 41 at Blue Island is not one of the three divisions nearest 46, but is so with reference to division 293, the one at Chicago before which he was last tried.

The defendant bases its right to send the case to division 41 for trial upon the fact that the statutes of the order, as construed by the president, so permit. It will be remembered that the constitution provides that the president shall interpret all laws of the order, subject to appeal to the next session of the grand division. At a session of the meeting of the grand division held in Detroit in 1913, long before plaintiff was tried, President Garretson made the following statement and ruling:

"Sec. 32 of the law provides that, after reviewing the proceedings in any division, the president can set aside or annul any such verdict reached in any trial, and can remand either to the division where the trial was held or to any one of the three nearest divisions. That is done every day in the week, but here is what rises: there have been cases where it was necessary to annul the second time, where it had once been remanded. I will rule that in case of annulling a verdict after it has once been referred to the three nearest divisions, the division where the last trial was held is the one that is within

the intent of the law, as the one three nearest divisions shall be based upon. In other words, any other decision would limit the number of trials that could be held to three. Is there any desire to appeal? Hearing none, it stands as a ruling of the grand division."

The grand division has since made no changes in the president's ruling. It therefore was the law of the order at the time of plaintiff's trial. It is true the construction is perhaps not one that a court familiar with the usual legal meaning of the term "original jurisdiction" would place upon it. But it is a permissible construction and one the scope and effect of which could not be mistaken. It was perhaps prompted by the desire to hasten retrials before divisions further removed from the one in which the grievance or charge arose and so get a more impartial result. But whatever may be the reasons for the construction, being permissible it became the law of the order, just as binding as though the laws had so provided in the first instance without any reference to the term "original jurisdiction." *Bartlett v. L. Bartlett & Son Co.* 116 Wis. 450, 93 N. W. 473. Indeed, the ruling having been made long before plaintiff was tried and having been acquiesced in by the grand division, it had the effect of amending the law to read as the president construed it. So that at the time of the trial the law of the order was that the president could send the case for a second retrial to any one of the three divisions nearest the one the appeal last came from. Such a provision is not unreasonable and must be respected by the courts.

Plaintiff argues he was entitled to appeal to the grand division from the decision of the president annulling his acquittal and sending the case to division 41 for retrial, and bases his claim upon the provisions of sec. 33 of the statutes permitting an appeal to any members "from the decision of any division and, except as provided in sec. 32 of the statutes, from the decision of the president to the grand division." It will be noticed that sec. 32 deals exclusively with trials and

provides explicitly what shall be done in the case of the annulment of an acquittal as well as in the case of the affirmance of a conviction.    When an acquittal is annulled the case must be sent to a division for retrial; when a conviction is affirmed the case must be sent to the board of directors and its decision is final.   It will therefore be seen that the scheme of the order did not contemplate the review of a *trial* by the grand division.    The reasons are palpable when one considers the fact that the order is a very large one, is essentially administrative in its character; that, as the president said, cases for retrial are sent back every day in the week, and that the grand division meets only triennially and is composed of a large number of members.    It would be practically impossible for it to pass upon the mass of evidence in such appeal cases accumulating for three years.    But, whatever may be the reasons, the order did not see fit to permit an appeal to the grand division from a decision such as the president made in the plaintiff's case, for its laws expressly require that it be sent to a division for retrial, and that is the reason for the exception contained in sec. 33.

It results from this that plaintiff had a trial within the order in accordance with its reasonable laws and regulations, and that the court is without power to reinstate him.

*By the Court.*—Judgment affirmed.

KERWIN and ROSENBERRY, JJ., took no part.