WICKHAM, Respondent, vs. UNITED BROTHERHOOD OF
    CARPENTERS AND JOINERS OF AMERICA and others,
    Appellants.

*October 11—November 8, 1922.*

*Insurance: Mutual benefit societies: Member in arrears: Rein-*
*statement: By-laws: Ambiguities: Construction.*

1. Where the by-laws of a mutual benefit association provided
   that a member did not fall in arrears until the end of the
   month in which he owed a sum equal to three months' dues,
   and entitled the beneficiaries of a member of a certain class to
   a funeral donation on such member's death while a member
   in good standing, the beneficiary of a member of such class
   who had been so in arrears but had paid the amount due and
   died within less than three months from such payment was
   entitled to a funeral donation, notwithstanding other by-laws
   provided for the suspension of members who were three
   months in arrears and that members who had been so sus-
   pended should not be entitled to donations until three months
   after payment of arrearages.
2. In case of doubt or ambiguity, special provisions in the by-
   laws of a mutual benefit society should prevail over general
   provisions therein.
3. Insurance contracts, when susceptible of more than one inter-
   pretation, should be construed in favor of the assured..
       CROWNHART, J., dissents:

APPEAL from a judgment of the circuit court for Eau
Claire county: E. C. HIGBEE, Judge. *Affirmed.*

Action by an administrator, who was also an heir at law
of the deceased, to recover insurance alleged to be due by
virtue of the membership of deceased in the *United Brother-
hood of Carpenters and Joiners of America.* A judgment
in defendant's favor in the municipal court was reversed by
the circuit court and judgment rendered in favor of plaint-
iff for the amount claimed, $75, and costs.

The deceased, Thomas Wickham, became a member of
the *United Brotherhood of Carpenters and Joiners of
America,* hereinafter referred to as the *Association,* in
September, 1911. Prior to May 3, 1921, he became in

arrears in the payment of dues, and on that date he paid six months' dues covering the period from January to June, inclusive. Dues were ordinarily payable at the end of the month. His death took place July 4, 1921.

The *Association* has five classes of members: beneficial, semi-beneficial, non-beneficial, honorary, and auxiliary. Deceased was a semi-beneficial member. Provision is made for the payment to beneficial members of various benefits, called donations, including sick, disability, strike, members' funeral, and wife's funeral benefits.

The constitution and by-laws of the *Association* provide, in part:

*"Members in arrears.* A. Section 45. When a member owes a sum equal to three months' dues, he is not in good standing and is thereby suspended from all donations and will not again be entitled to donations until three months from the date he has paid said arrearages, which payment must include the payment of dues for the month in which said payment is made.

"B. A member owing a local any sum equal to six months' dues shall be dropped from membership without a vote of the union, and his name be stricken from the books. After that he can be re-admitted only as a new member, subject to such re-admission fee as provided for in the by-laws of his local union or district council, together with the sum of three dollars ($3), which shall be forwarded to the local where he was dropped."

*"Members entitled to donation.* A. Section 48. On the death of a member in good standing, his wife or legal heirs, as named on his application, shall be entitled to the member's funeral donation as prescribed in the constitution and laws of the United Brotherhood."

*"Member's funeral donation.* Section 49. B. A beneficial member will be entitled to the donations as prescribed in the constitution and laws of the United Brotherhood: provided he is over one year a contributing or financial member in good standing, and when three months in arrears he shall be debarred from all donations until three months after all arrearages are paid in full, including the current month."

*"Semi-beneficial members' donations.* A. Section 52. An apprentice or a candidate between the ages of fifty and sixty years, when admitted to membership shall be classed as a semi-beneficial member, and shall only be entitled to the donations provided for semi-beneficial members on the condition that they have been a member the required length of time, that they were in good health at the time of their initiation, and in good standing at the time of death. They shall not be entitled to wife or disability donation."

*"Finances and dues.* Section 44. B. Monthly dues shall be charged on the books on the first of each month, but a member does not fall in arrears until the end of the month in which he owes a sum equal to three months' dues."

*Fred Arnold* of Eau Claire, for the appellants.

For the respondent the cause was submitted on the brief of *James Wickham* of Eau Claire.

JONES, J. The constitution and by-laws of the organization are quite voluminous, consisting of fifty-six sections, some of which have numerous subdivisions. Among other things these relate to jurisdiction, the duties of officers, qualifications for membership, admission to the order, the payment of dues, and the donations or benefits to which members are entitled. Only a few of these sections are necessary to be considered in the case before us.

Appellant is a mutual benefit association with its main office at Indianapolis and with subordinate bodies all over this country. The deceased had been a semi-beneficial member for nearly ten years, and could receive no wife or disability benefits, but his heirs were entitled to a "funeral donation" in the sum of $75 under certain conditions. Those who were beneficial members for five years or more, on proof of disability, might receive $500.

Counsel for appellant claim that sec. 45, above quoted, is controlling because the deceased was a member who had been in arrears and had been automatically suspended from all donations because he died while not a member in good

Wickham v. United Brotherhood, 178 Wis. 564.

standing during the probationary period of three months. It is admitted that in some respects he was a member in good standing but not in the sense that he was "in benefit."

According to sec. 44, E, when a member falls into arrears for three months' dues he is reported to the general secretary and when six months in arrears he is suspended. If he squares up his arrearages he is reported to the general secretary. It is undisputed that on May 3d the deceased paid all arrearages and would not again have been in arrears until September, since one of the by-laws provides that a member does not fall in arrears until the end of the month in which he owes a sum equal to three months' dues.

It will be observed that according to sec. 49, B, a beneficial member is entitled to a funeral donation provided he is over one year a contributing or financial member in good standing, and when three months in arrears he is debarred from all donations until three months after all arrearages are paid in full, including the current month. But according to sec. 52, A, dealing with semi-beneficial members' donations, all that is required is membership for the required length of time, good health at the time of initiation, and good standing at the time of death. In other words, the three-months clause contained in the other section, and relied on to defeat recovery, is not included in this section.

It may be conceded that forfeiture of fraternal insurance is a proper penalty to enforce payment of dues to a fraternal insurance company; that the by-laws of such organization may be so framed as to be self-executing; and that reasonable conditions as to reinstatement may be enforced.

It is doubtless true that in the constitution and by-laws the word "member," in some of the sections, is used in a general sense, applying to all classes of members, and sec. 48, A, is broad enough in its terms to give to members of all classes a funeral donation under proper conditions. Sec. 48, B, provides that if a member in good standing dies without leaving heirs he shall be given a respectable burial.

The contention of appellant that semi-beneficial members are entitled to no donations, although not in arrears and after all dues have been paid, would tend to work hardship to those who might have much reason to believe themselves in good standing, and we do not consider that it should be adopted unless the plain language of the constitution and by-laws requires it. As we construe the various sections which have been referred to, after the deceased had paid all arrearages and this fact had been reported to the general secretary he was a member in good standing, and by virtue of sections 48, A, and 52, A, his heirs were entitled to the donation. Sec. 52, A, is a special provision relating to semi-beneficial members, and in case of doubt or ambiguity should prevail over the more general sections relied on by appellant. This is a familiar rule applied both in the construction of statutes and contracts. 2 Lewis' Sutherland on Stat. Constr. (2d ed.) pp. 660, 670, §§ 345, 351; 1 Joyce, Insurance (2d ed.) § 214.

There is another rule of construction thus stated in Joyce on Insurance (2d ed.) § 221, citing many authorities:

"It has long been determined with an almost unwavering unanimity that insurance contracts, when susceptible of more than one interpretation, shall be construed in favor of the assured. This rule is imperative and undoubted, since to hold otherwise, without an absolute necessity therefor, would tend to subvert the very object and purposes of insurance, which is that of indemnity to the assured in case of loss, or the payment of money on the happening of a contingency, and this indemnity should be effectuated rather than defeated. And this is true of certificates in mutual benefit, etc., societies or associations."

We therefore hold that the judgment should be affirmed. *By the Court.*—Judgment affirmed.

CROWNHART, J. (*dissenting*). I cannot concur with the court in its decision in this case.

The defendant is a labor union whose declared objects are:

"To discourage piece work, to encourage an apprentice system and a higher standard of skill, to cultivate feelings of friendship among the craft, to assist each other to secure employment, to reduce the hours of daily labor, to secure adequate pay for our work, to establish a weekly pay day, to furnish aid in cases of death or permanent disability, and by legal and proper means to elevate the moral, intellectual and social conditions of all our members, and to improve the trade."

It is not an insurance company and issues no policies or contracts. Its constitution or laws provide for certain "donations" in cases of disability or death.

The plaintiff is a brother of Thomas Wickham, who at his death was a semi-beneficial member of the union. He sues as heir to recover benefits claimed to be due him by reason thereof. The provisions of the laws of the union applicable to this case are as follows:

"*Admission of members.* I. Section 43. A member three months in arrears shall not be entitled to the password, or a seat, or office in any meetings of the local union.

"J. Each member will be entitled to all the rights and privileges of this United Brotherhood, as prescribed in the constitution and laws of the United Brotherhood, by strictly adhering to his obligation by him and his local union obeying the constitution, laws, and rules of the United Brotherhood.

"K. A member in good standing can visit any local union provided he is in possession of the current quarterly password and his membership due book."

"*Finances and dues.* B. Section 44. Monthly dues shall be charged on the books on the first of each month, but a member does not fall in arrears until the end of the month in which he owes a sum equal to three months' dues."

"*Members in arrears.* A. Section 45. When a member owes a sum equal to three months' dues, he is not in good standing and is thereby suspended from all donations and

will not again be entitled to donations until three months from the date he has paid said arrearages, which payment must include the payment of dues for the month in which said payment is made."

"*Members entitled to donation.* A. Section 48. On the death of a member in good standing, his wife or legal heirs, as named on his application, shall be entitled to the member's funeral donation as prescribed in the constitution and laws of the United Brotherhood.

"B. If a member in good standing dies without leaving any legal heirs, the local union shall see him respectably interred. The officers, or a committee of the local union, shall attend his funeral and the United Brotherhood shall pay funeral expenses, but in no case shall these expenses exceed the full amount of donation to which the member is entitled at time of death, nor shall the United Brotherhood be held liable for any further donations in the name of the deceased."

"*Member's funeral donation.* B. Section 49. A beneficial member will be entitled to the donations as prescribed in the constitution and laws of the United Brotherhood; provided, he is over one year a contributing or financial member in good standing, and when three months in arrears he shall be debarred from all donations until three months after all arrearages are paid in full, including the current month."

"*Semi-beneficial members' donations.* A. Section 52. An apprentice or a candidate between the ages of fifty and sixty years, when admitted to membership, shall be classed as a semi-beneficial member, and shall only be entitled to the donations provided for semi-beneficial members on condition that they have been a member the required length of time, that they were in good health at the time of their initiation, and in good standing at the time of death. They shall not be entitled to wife or disability donation."

There are but two classes entitled to donations: beneficial and semi-beneficial members.

It will be seen that sec. A, 45, applies to *all* members of both classes and to *all* donations. This section is printed on the first page of each member's pass-book, which he is

required to have with him at meetings of the union, and in which is entered his receipt for dues.

There are a few elementary rules of construction applicable to the case.

The intent of the parties to the contract is to govern. To ascertain that intent we are to give force and effect to each section of the laws of the union and every part thereof, if they are capable of being reconciled. We will not resort to technical rules of construction save when the language is of doubtful meaning.

The law of the union as set forth in sec. A, 45, is not harsh nor unreasonable. It is based on sound policy. The union has no medical examinations. It is necessary, in order to prevent imposition on the union, to provide a waiting period for defaulting members before they obtain good standing for donations, in lieu of the medical examinations provided for by insurance companies; otherwise a member in default and in poor health might pay past dues to obtain donations. Having the purpose of the union in mind, it will be seen that the rule of sec. A, 45, is reasonable and just.

In order that no injustice be done from lack of understanding of the rule, sec. A, 45, is printed in plain type in the member's pass-book, which he is required to present on attending a meeting of his union, and in which his dues when paid are receipted. It is printed on the first page, and as printed the section is prefaced by the heading in caps "MEMBERS IN ARREARS." Thus each member knows, when he joins the union and receives his pass-book, that when he gets in arrears in his dues he will not be again in good standing for donations until he pays up his arrearages, including dues for the current month, and until the lapse of three months thereafter from the date of such payment. In accepting such pass-book the member accepts this construction put upon the laws of the union by the union,

which is of democratic origin and representative in government.

The plaintiff contends that sec. A, 52, under which he claims, deals particularly with semi-beneficial members, and that in construing. such section it should take precedence over sec. A, 45. But the defendant may equally well claim that sec. A, 45, takes precedence over sec. A, 52, because sec. A, 45, particularly deals with arrearages of both beneficial and semi-beneficial members.

Our first aim should be to reconcile these two sections.

It is clear from reading the constitution that it was not drawn by a skilful attorney. It was evidently drawn by laymen not versed in legal rules of construction. But it seems not difficult to ascertain the plain, common-sense meaning of the union law, which is the contract in this case. Sec. A, 45, applies to *all* members and *all* donations. Sec. A, 52, applies to semi-beneficial members in *good standing.* Plainly, to be in good standing for donations, a member who has been in default must be paid up for his arrearages, including the current month, and then not till three months after the date of payment of arrearages will he become entitled to benefits. Good standing for donations must mean exactly what is said in sec. A, 45, or sec. A, 45, is surplusage, for, *ex industria,* the same provision is included in sec. 49, applicable to beneficial members, so the only members sec. A, 45, can possibly affect are the semi-beneficial members.

Again, sec. A, 48, aids in ascertaining the intent. That section provides for funeral donations upon the death of a member in *good standing* "as prescribed in the constitution and laws of the United Brotherhood." This language plainly refers back to sec. A, 45, it would seem.

The term "good standing," as used in various sections, has different meanings, and there is where the confusion arises. For the purposes of visiting a meeting of the union a member is in good standing if his dues are paid up for

the current month (sec. K, 43), but he is only in good stand-ing for donations when he has complied with sec. A, 45, which applies to members who have been in arrears.

This court held, in *Callahan v. Order of Railway Con-ductors,* 169 Wis. 43, 171 N. W. 653, that in the govern-ment of a fraternal order such as the defendant this court will not look into the technical correctness of proceedings followed for expulsion from the order, and "that any rea-sonable or permissible construction which an order gives to its own constitution, laws, or rules will govern unless clearly subversive of personal or property rights."

This rule is specially applicable here, where a construction of the laws has been long given and accepted by the order and its members.

This court, in *Bartlett v. L. Bartlett & Son Co.* 116 Wis. 450, 461, 93 N. W. 473, said:

"It must be freely conceded that the laws of such an association, within its own sphere of action, so long as they do not violate any public law, written or unwritten, as administered by its tribunal, are supreme."

This case involves only a small amount, but it is impor-tant to the union, which has always construed its laws as here indicated, and which construction is accepted by its membership as correct.

I therefore respectfully dissent from the opinion of the court.