HAMILTON, Appellant, vs. VAN LAANEN and others, Respondents.

*January 14—February 10, 1931.*

560

562

For the appellant there was a brief by *McGovern, Curtis & Devos* of Milwaukee, and oral argument by *Francis E. McGovern*.

*Emmet J. Carrigan* of Milwaukee, for the respondents.

FAIRCHILD, J. The demand for judgment is that the respondents be required to account to appellant for the moneys which have come into their hands from the local chapters and pay to her, the state treasurer, the moneys so collected; that they be enjoined from further withholding money from her, and other relief.

The action may have been intended to redress the wrongs of the State chapter and to enjoin the commission of further

acts against that body, but the complaint does not show injury to the association. It has its money, although in hands other than plaintiff. While the pleading does not set out specifically the code of rules or regulations for the government of the State chapter, it does allege the existence of a constitution and by-laws, and sets forth the fact that there is an executive board. This is sufficient to show that the association is so organized that it has qualified and lawful agencies for the management of its internal affairs.

The appellant's effort is to settle a controversy which has arisen between herself and the duly constituted agencies of the organization, which dispute appears to have been settled adversely to her by the executive board at its meeting on April 10, 1930, when a majority of this board voted approval of the very acts of which she complains. The appellant insists that the members of the executive board were misled, that their action was due to the influence of those opposing her, but the validity and effect of the act is not to be determined by the inducement or persuasion used, but by the reasonableness thereof.

"Courts will not look into the technical correctness of either the proceedings prescribed or the proceedings followed, and . . . any reasonable or permissible construction which an order gives to its own constitution, laws, or rules will govern unless clearly subversive of personal or property rights." *Callahan v. Order of Railway Conductors,* 169 Wis. 43, 171 N. W. 653.

The complaint does not show that plaintiff has been damaged. Courts will not ordinarily consider matters of internal regulation and management of the affairs of a voluntary society.

"When a member seeks to enforce a property right or money demand against such an organization, the contractual relation which exists between the society and its members calls for the application of a different rule, and in such

cases the courts will entertain jurisdiction and afford relief." 19 Ruling Case Law, p. 1226; Niblack, Benefit Societies (2d ed.) § 113.

The question is whether or not by this complaint plaintiff has shown the slightest invasion of a pecuniary interest or civil or property right. If it appeared that the final determination of a suit based on this complaint would affect such an interest of the plaintiff, then a cause of action would be stated; but, while some justification for her disappointment and worry is shown, no invasion of such a right is shown. The demurrer was properly sustained.

*By the Court.*—Order affirmed, and cause remanded for further proceedings according to law.