HERMAN and others, Appellants, vs. UNITED AUTOMOBILE, AIRCRAFT & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA and others, Respondents.

*June 6—July 3, 1953.*

564

For the appellants there was a brief by *Joseph H. Peters* and *H. S. Humke,* both of Sheboygan, and oral argument by *Mr. Humke.*

For the respondents there was a brief by *Max Raskin* of Milwaukee, and *David Rabinovitz* of Sheboygan, and oral argument by *Mr. William Quick* of Milwaukee, *Mr. Raskin,* and *Mr. Rabinovitz.*

BROADFOOT, J.   The plaintiffs raise two questions upon this appeal: (1) Was the purported affiliation of KWA with UAW-CIO legal?  (2) Are plaintiffs proper parties to commence the action asking for the relief requested in their complaint?

We are taking up question (2) first, because, if the plaintiffs are not proper parties to bring the action, there will be no necessity of determining the first question.  A voluntary unincorporated association is a name applied to a group of individuals who have joined together for a certain object and who are called, for convenience, by a common name. The constitution and by-laws thereof constitute a contract between the individual members.  Generally such constitution and by-laws are controlling as to all questions of discipline, doctrine, or internal policy.  The courts are reluctant to interfere in the internal affairs of such organizations unless personal or property rights are involved.  The rule has been stated by this court in *Callahan v. Order of Railway Conductors,* 169 Wis. 43, 47, 171 N. W. 653, as follows:

". . . courts will not look into the technical correctness of either the proceedings prescribed or the proceedings followed, and . . . any reasonable or permissible construction which an order gives to its own constitution, laws, or rules will govern unless clearly subversive of personal or property rights, . . ."

The interests of a member in the funds or property of the association, unless otherwise provided by the constitution and by-laws, are joint and not severable, but each member has a right to the joint use of the funds for the purposes of

the association so long as he continues to be a member. Thus the plaintiffs, although they have no right as individuals to a division of the union's property, do have a joint interest therein and a right to see that the funds are properly used.

Sec. 260.12, Stats., provides in part as follows:

". . . when the question is one of a common or general interest of many persons or when the parties are very numerous and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole. . . ."

Even without a comparable statute other states apply the doctrine of virtual representation which recognizes the right of a few persons to sue on behalf of themselves and others similarly situated. The plaintiffs thus were proper parties to commence the action on behalf of the membership of KWA.

The plaintiffs contend that the affiliation of KWA with UAW-CIO was not a legal affiliation for the reason that the KWA constitution was binding on all the members; that said constitution was never amended to provide for affiliation; that the purposes of KWA and UAW-CIO are different, and that as a result of the affiliation KWA would no longer be an independent self-supporting organization with independent local control of its own affairs by its own members.

The constitution of KWA contains no provision for affiliation with any other organization of employees. On the other hand, there is nothing in the constitution to prevent an affiliation with another such organization. In 1951 KWA affiliated with the Confederated Unions of America. This was done without amendment of the constitution and no objection was made thereto because, the plaintiffs contend, KWA then lost none of its independence.

We agree with the plaintiffs that no amendments were made to the constitution by the members in April or May

of 1952. Such amendments were not necessary. The word "affiliated" is derived from the Latin word "affiliatus" and literally means a close association, such as that of a son to his father. When used with respect to organizations, the word means that two or more organizations are allied with or closely connected with one another, or with a central body. Each organization continues to exist, since one body cannot be said to be connected with itself. The word "affiliation" excludes any relation involving an extinguishment of any of the affiliated organizations. Thus, KWA is still an autonomous, independent local labor union, affiliated with UAW-CIO as Local 833. None of its property has been turned over to UAW or to the CIO, and neither of these has any control over the treasury of KWA. It was free to affiliate with other labor organizations, and conversely it is free to withdraw therefrom and to retain its property. The attorneys for UAW-CIO concede that this is true, and it has been so held in Connecticut, Minnesota, Montana, New Jersey, and Ohio. Anno. 23 A. L. R. (2d) 1218, sec. 6.

We agree with the trial court that the affiliation was not in violation of the constitution and by-laws of KWA; that the property of the association is a trust fund and can be used only for the purposes of the trust; that disbursements from said fund were for proper and necessary expenses, and that KWA, UAW-CIO, Local 833 is an uninterrupted continuation of the association organized in 1933 and is properly in control of its property.

*By the Court.*—Judgment affirmed.