LODGE 78 of INTERNATIONAL ASSOCIATION OF MACHINISTS, A.F.L.–C.I.O., Plaintiff and Respondent; v. NICKEL, Defendant: ALLEN-BRADLEY COMPANY, Intervening Defendant and Appellant.

*April 3—April 30, 1963.*

For the appellant there were briefs by *Quarles, Herriott & Clemons,* attorneys, and *John G. Kamps* and *James Urdan* of counsel, all of Milwaukee, and oral argument by *Mr. Urdan.*

For the respondent there was a brief by *Robert E. Gratz,* attorney, and *Gratz & Shneidman* of counsel, all of Milwaukee, and oral argument by *Robert E. Gratz.*

GORDON, J.   While the background of this case is lengthy and involved, the issues to be resolved upon the appeal are limited ones. The principal question before this court is whether the Allen-Bradley Company is entitled as a matter of right to intervene in the union's civil action against one of its members to collect a fine for a violation of the union's constitution and bylaws. A second issue is whether the trial court abused its discretion in denying the application for intervention.

### Intervention as a Matter of Right.

Sec. 260.19 (1), Stats., provides that the court shall order parties brought into an action when they "have such interests in the subject matter of the controversy as require them to be parties for their protection." If the company does have such an interest, it has an absolute right to intervene. *Kennedy-Ingalls Corp. v. Meissner* (1958), 5 Wis. (2d) 100, 109, 92 N. W. (2d) 247.

Intervention under Wisconsin law is a statutory device; it was not recognized at common law. *White House Milk Co. v. Thomson* (1957), 275 Wis. 243, 247, 81 N. W. (2d)

725. This court has had numerous occasions on which to consider the problem of intervention. See, for example, *Jordan-Jefferson, Inc., v. Scheer* (1962), 16 Wis. (2d) 288, 114 N. W. (2d) 408; *Muscoda Bridge Co. v. Worden-Allen Co.* (1928), 196 Wis. 76, 219 N. W. 428.

It is apparent that the appellant has, in one sense of the word, an "interest" in this controversy; the problem is whether it has such an "interest" as is contemplated in sec. 260.19 (1), Stats. The interest which entitles one to intervene in a suit between other parties must be an interest of such direct and immediate character that the intervenor will either gain or lose by the direct operation of the judgment. One whose interest is indirect cannot intervene as a matter of right.

In our opinion, the employer does not have such an interest, as that word is used in sec. 260.19 (1), Stats., so as to give it the right to intervene in a disciplinary action by the union against one of its employees. It is well settled in Wisconsin that the constitution and bylaws of a union constitute a contract between a union and its members. *United Automobile, A. & A. I. Workers v. Woychik* (1958), 5 Wis. (2d) 528, 531, 93 N. W. (2d) 336; *Local No. 261, International Union v. Schulze* (1958), 3 Wis. (2d) 479, 483, 89 N. W. (2d) 191; *Herman v. United Automobile, A. & A. I. Workers* (1953), 264 Wis. 562, 567, 59 N. W. (2d) 475.

The plaintiff union is suing on its contract and in so doing is treated as an entity apart from its members. *Fray v. Amalgamated, etc., Local Union No. 248* (1960), 9 Wis. (2d) 631, 638, 101 N. W. (2d) 782. The Allen-Bradley Company is clearly not a party to the contract between the union and its members. On its claim that the result of the lawsuit will have an effect on its labor relations, we must conclude that this gives the Allen-Bradley Company only an *indirect* concern.

The employer may be influenced by the result of this action, but the lawsuit, nevertheless, remains a contract action by the union against a member. The company has failed to show that it will be influenced in any way other than indirectly.

### Discretionary Intervention.

The proposed intervenor also contends that it was an abuse of discretion on the part of the trial court to deny its petition. Judge CURLEY, as judge of the county court, indicated that in his opinion the intervenor had no rights in this matter other than those relating to unfair labor practices which have already been litigated in other courts. It has not been shown that the trial judge abused his discretion in reaching the foregoing conclusion.

In view of the prolonged history of litigation in this case, we are particularly loath to intrude upon the trial court's determination and its denial of the right to intervene. The breadth of a trial court's discretion on the bringing in of third parties is shown in the following cases: *White House Milk Co. v. Thomson* (1957), 275 Wis. 243, 248, 81 N. W. (2d) 725; *Schatzman v. Greenfield* (1956), 273 Wis. 277, 281, 77 N. W. (2d) 511; *Fish Creek Park Co. v. Bayside* (1956), 273 Wis. 89, 93, 76 N. W. (2d) 557; *Muscoda Bridge Co. v. Worden-Allen Co.* (1928), 196 Wis. 76, 98, 219 N. W. 428.

*By the Court.*—Order affirmed.