ATTOE, Appellant, v. MADISON PROFESSIONAL POLICE-
MEN'S ASSOCIATION, and others, Respondents.

*No. 75–576. Argued May 31, 1977.—Decided July 1, 1977.*
(Also reported in 255 N. W. 2d 489.)

For the appellant there were briefs by *Earl Munson, Jr.,* and *La Follette, Sinykin, Anderson & Abrahamson,* and oral argument by *Mr. Munson,* all of Madison.

For the respondents there was a brief by *Richard V. Graylow, Jean Helen Lawton* and *Lawton & Cates,* and oral argument by *Mr. Graylow,* all of Madison.

CONNOR T. HANSEN, J.   The Madison Professional Policemen's Association (MPPA) is a non-stock corpora-

tion/labor organization representing, for labor negotiation purposes, all police officers employed by the city of Madison. MPPA is organized and exists under and by virtue of the laws of the State of Wisconsin, and is operated and governed pursuant to its published articles of incorporation and by-laws. Trostle, Corcoran, Uselmann, Miller, Larsen, Cerniglia, Bell and Rosemeyer, defendants-respondents, are members and directors of MPPA. MPPA and the directors will hereinafter be referred to jointly as the defendants. Attoe had been a member of MPPA since 1961, and at the times material to this action was a member of the board of directors and the secretary thereof.

The "Articles and By-Laws" of MPPA are attached to the complaint, made a part thereof, and contain the following provisions:

### "ARTICLE V, Section 10.

*"Section* 10. The board shall have the power to expel any member of the association and also to remove any of their own number from office who may be guilty of a violation of the Articles or [sic] Organization, its by-laws, of a breach of trust, of conduct detrimental to the welfare of the association or any other official misconduct. Such expulsion or removal shall require a two-thirds vote of said board.

### "ARTICLE V, Section 11.

*"Section* 11. The board of directors shall have authority to make such rules and regulations as it may deem necessary to conduct the affairs of the association, provided such rules and regulations are not inconsistent with the provisions of the Articles of Organization and its by-laws; and the said board shall have the right and authority to require its officers to perform such additional or different duties as from time to time shall be imposed or required by said board, or as may be pre-

scribed from time to time by the members of the association, consistent with its Articles of Organization and by-laws."

The complaint alleges that on January 13, and June 9, 1971, respectively, the board of directors of MPPA adopted the following resolutions:

"Any member of the association who wishes to engage in any political activity acting on his own without the knowing use of his police or association title, may do so without interference from any other officer or director of the association.

"Only the President of MPPA will make any public statement of MPPA policy, actions, resolutions, or general business of the MPPA or its members unless first having submitted orally or in writing to the President of the MPPA and is agreed to by the majority of the members of the Board of Directors. Violation of this will be subject to Section 10, Article 5, the Articles and By-Laws of the MPPA. This resolution is not to prohibit any member or officer from expressing his personal opinion on any matter concerning the department or MPPA."

The complaint further alleges that on July 31, 1974, the plaintiff, acting as an elector of the city of Madison, made a written statement to the board of police and fire commissioners at an official public hearing concerning the Madison police chief that " 'unless the entire matter is concluded in some manner in the immediate future that the department and the public will suffer irreversible damage (crime is already up 13%).' "; that the plaintiff was quoted in an article appearing in a general circulation newspaper dated August 1, 1974, as stating: " 'Crime is up 13% from June of 1973,' " and " '[u]nhappy police may not be working as hard as they could be because of dissension under [policy chief] Couper.' "; that on August 1, 1974, the individual defendants acting as the board of directors of MPPA expelled the plaintiff,

in his absence, as a member of the board of directors and removed him as MPPA's secretary; that the plaintiff remained a member of the association; that the reason for the expulsion and removal was the statements made by the plaintiff the previous evening to the board of police and fire commissioners; and that the directors' action was taken pursuant to Article V, Section 10 of the by-laws of MPPA.

The plaintiff alleges four causes of action against the defendants, all resulting from his removal as a director and officer of MPPA:

"(1) Breach of contract against MPPA for removing the plaintiff in violation of the two resolutions, and a tort action against the individual defendants for vindictively, wrongfully and maliciously removing the plaintiff in breach of their duty as MPPA directors;

"(2) Violation of the plaintiff's constitutional right of free speech and violation of the Civil Rights Act, 42 U.S.C., sec. 1983;

"(3) Violation of sec. 111.70(3) (b) (1), Stats.; and

"(4) Violation of sec. 181.20(4), Stats."

The defendants demurred to the complaint, alleging several objections to defects appearing upon the face of the complaint. The trial court sustained the demurrer on the grounds that the plaintiff, as to each cause of action, failed to allege facts sufficient to state a cause of action. The trial court overruled the demurrer as to each of the other objections to defects appearing on the face of the complaint.

Thus the issue presented on this appeal brought by the plaintiff is whether his complaint alleged facts sufficient to state any cause of action?

The rules governing this court's review of a trial court's order sustaining or overruling a demurrer to a complaint have been stated many times. They were recently set forth in *Int'l Found. Emp. Ben. Plans v. Brook-*

*field,* 74 Wis.2d 544, 548, 549, 247 N.W.2d 129 (1976). Suffice it to emphasize that on demurrer, the pleadings are to be liberally construed with a view to substantial justice between the parties. The question which must be answered by the court is whether *any* cause of action has been stated upon which relief can be granted. It is not the theory of the plaintiff's case that is controlling. The plaintiff is bound by the facts he has alleged, not by his theory of recovery. *Val-Lo-Will Farms v. I. Azoff & Asso.,* 71 Wis.2d 642, 238 N.W.2d 738 (1976). A court is not necessarily compelled to determine whether a complaint states more than one cause of action. If a cause of action is stated in a complaint, although it may be combined with other allegations not constituting a separate cause of action, the demurrer must be overruled. *Schwartz v. Milwaukee,* 43 Wis.2d 119, 122, 168 N.W.2d 107 (1969).

The facts which gave rise to the instant action, as pleaded by the plaintiff, must for the purposes of this demurrer, be deemed true. The essential facts are that the plaintiff was a member, director and officer of the defendant labor union, MPPA; that in addition to its articles and by-laws, the board of directors of MPPA, as authorized by the by-laws, had adopted the two resolutions referred to in the complaint which granted a measure of political action freedom and free speech rights to members of MPPA; that the plaintiff, acting as an elector of the city of Madison, made certain public statements at a public hearing to a public body; that as a direct result of the statements the plaintiff was expelled as a director and removed as an officer of MPPA; that the action of expulsion and removal by MPPA was taken pursuant to Article V, Section 10 of the by-laws; and that the plaintiff was damaged by such removal and expulsion.

The plaintiff commenced this action to recover damages for his alleged wrongful removal as an officer and di-

rector of a voluntary association. The management and internal affairs of such an association are governed by the constitution and by-laws and constitute a contract between the members of the association.[1] In *Herman v. United Automobile, A. & A. I. Workers,* 264 Wis. 562, 567, 59 N.W.2d 475 (1953), it was stated:

".. .The courts are reluctant to interfere in the internal affairs of such organizations unless personal or property rights are involved. The rule has been stated by this court in *Callahan v. Order of Railway Conductors,* 169 Wis. 43, 47, 171 N.W. 653, [1919] as follows:

" '. . . courts will not look into the technical correctness of either the proceedings prescribed or the proceedings followed, and . . . any reasonable or permissible construction which an order gives to its own constitution, laws, or rules will govern unless clearly subversive of personal or property rights, . . .' "

*See also: Fray, supra,* 638; *Hamilton v. Van Laanen,* 203 Wis. 559, 563, 234 N.W. 740 (1931); *Wickham v. United Brotherhood,* 178 Wis. 564, 573, 190 N.W. 436 (1922).

Therefore, to ascertain whether or not a breach of contract has occurred and to consider adequate remedies is not necessarily an interference with the internal affairs of the association if the complaint alleges that personal or property rights are involved. This court has frequently entertained suits based upon breaches of contracts existing between association members and voluntary associations.[2]

---

[1] *Local 248 UAW v. Natzke,* 36 Wis.2d 237, 248, 249, 153 N.W. 2d 602 (1967); *Lodge 78, International Asso. of Machinists v. Nickel,* 20 Wis.2d 42, 46, 121 N.W.2d 297 (1963); *Fray v. Amalgamated, etc., Local Union No. 248,* 9 Wis.2d 631, 638, 101 N.W.2d 782 (1960); *United Automobile A. & A. I. Workers v. Woychik,* 5 Wis.2d 528, 531, 93 N.W.2d 336 (1958).

[2] *Local 248 UAW, supra; State ex rel. Siciliano v. Johnson,* 21 Wis.2d 482, 124 N.W.2d 624 (1963); *Lodge 78, International Asso.*

The plaintiff alleged that a breach of contract occurred in this case. The allegation is based in part upon an allegation that the articles of incorporation and by-laws of MPPA, as well as the two resolutions constituted the contract existing between him and MPPA. The plaintiff alleged that MPPA violated the terms of that contract when it expelled him as a director and removed him as an officer for statements which were protected free speech and political action under the two resolutions. Under the rules governing the review of this demurrer disposition it must be taken as true that the statements were protected by the resolutions.

If the resolutions were a part of the contract existing between MPPA and the plaintiff, then the plaintiff has properly pleaded a cause of action for breach of contract. This would be based on the assertions that the two resolutions removed the plaintiff's statements in this case from the definition of ". . . conduct detrimental to the welfare of the association . . ." and that MPPA thus had no valid basis to expel him as a director or to remove him as an officer.

The defendants, and the trial court, disagreed with the assertion of the plaintiff that the resolutions constituted part of the contract existing between the plaintiff and MPPA. This court need not at this point determine whether the resolutions did in fact constitute part of the contract, but only whether the plaintiff adequately pleaded that they did.

This court has held that resolutions may become part of the binding contract between members and an asso-

*of Machinists, supra; Kopke v. Ranney,* 16 Wis.2d 369, 114 N.W. 2d 485 (1962); *Herman, supra; Callahan v. Order of Railway Conductors,* 169 Wis. 43, 171 N.W. 653 (1919); *State ex rel. Weingart v. Board, etc. G. U. G. Germania,* 144 Wis. 516, 129 N.W. 630 (1911).

ciation. In *UAW, Local 283 v. Scofield*, 50 Wis.2d 117, 135, 183 N.W.2d 103 (1971), this court stated:

". . . We see no reason why those obligations [of membership] cannot be explicitly spelled out by methods other than the union's constitution and by-laws. In the instant case a resolution of the membership was passed that provided that, in case of persistent and/or flagrant violations of the production ceiling, a member may be charged with 'conduct unbecoming a union member.' As previously discussed, we conclude that the resolution as so passed was not vague. It imposed with precision certain obligations upon union members. We conclude that such resolution constitutes as much a part of the contract defining the obligation of members as does the constitution and by-laws. Article 15, sec. 2, of the by-laws provides in part:

" 'These rights [of members] shall at all times be subject to the rules of procedure governing meetings and other uniform rules and regulations contained in the Constitution, By-Laws and *other official rules of the Local Union.'* (Emphasis supplied.)

"It appears clear, therefore, that rules and regulations binding upon members can be promulgated by other than the passage of amendments to the constitution or the passage of by-laws. As is usual in contracts of any kind, the terms therein may encompass provisions for creating additional binding terms. We conclude that such additions to the contract were effectuated by the passage of the resolution."

The critical factor in *Scofield, supra,* which persuaded this court that the resolution there involved constituted a part of the contract was the existence of Article 15, Section 2 of the by-laws which provided a specific procedure for the promulgation of rules and regulations binding on the members.

The by-laws of MPPA contain a similar although not identical provision, which the plaintiff included in his pleadings: Article V, Section 11, *supra.* This article of the by-laws of MPPA grants the board of directors rule-making power. It can reasonably be inferred that the

resolutions adopted by the board of directors pursuant to this grant of authority as ". . . necessary to conduct the affairs of the association . . ." would be binding upon the members thereof.

The trial court found other distinguishing facts between the situation presented in *Scofield, supra,* and that presented here. However, *Scofield, supra,* cannot be read as setting forth the only circumstances under which it could be held that a properly adopted resolution could be deemed part of a contract. The decision in *Scofield, supra,* was addressed to the facts of that case and presented one instance in which such a result could be reached. The plaintiff here asserts that this is another, and he alleges the existence of the critical by-law grant of authority to promulgate and pass binding resolutions which was the essential base of the *Scofield, supra,* holding. This constitutes a sufficient allegation that the resolutions constituted a part of the contract. Whether the plaintiff will succeed on the merits of the allegation is a matter to be considered at trial.

The defendants assert and the trial court found that the resolutions and Article V, Section 10, were in direct conflict. According to the trial court, the result was that the by-law took precedence and was controlling. According to the defendants, the result was that the resolutions were *ultra vires* acts of the board of directors and not binding upon members. The plaintiff asserts that there is no conflict between the resolutions and the by-law.

The resolution of this issue would go to the merits of the case because the complaint does not allege any conflict between the two. This is particularly so of the June 9, 1971, resolution. This resolution prescribes certain conduct and activity and declares that violations thereof shall be subject to the provisions of Article V, Section 10 of the by-law. The resolution then concludes with the

following declaration ". . . This resolution is not to prohibit any member or officer from expressing his personal opinion on any matter concerning the department or MPPA." The implication is that the resolution and the by-laws are harmonious in that it provides that a violation of the resolution will constitute a violation of the by-laws; however, that the degree of freedom of speech accorded in the concluding sentence of the resolution will not constitute a violation of the by-law.

Both the trial court and the defendants found it necessary to discuss the expulsion of the plaintiff as a director and the removal of the plaintiff as an officer separately and in terms of the statutory provisions which governed each.

Sec. 181.20(4), Stats., provides for the removal of a non-stock corporation director:

"*(4)* A director may be removed from office for cause, or for any reason provided in the articles of incorporation or by-laws. The articles of incorporation or by-laws may provide the procedure for any such removal."

Sec. 181.26, Stats., provides for the removal of a non-stock corporation officer:

". . . Any officer or agent elected or appointed may be removed by the persons authorized to elect or appoint such officer whenever in their judgment the best interests of the corporation will be served thereby. The removal of an officer shall be without prejudice to the contract rights, if any, of the officer so removed. Election or appointment shall not of itself create contract rights."

The two statutory provisions need not be specifically discussed here. The plaintiff alleged that he was not removed for cause nor for any reason provided by the by-laws. He alleged specifically that the contract between himself and MPPA accorded him certain free speech rights. Liberally construed, his allegations inferred that the contract guaranteed that the exercise of

those rights would not constitute a violation of Article V, Section 10, which would result in removal. That is, that the exercise would neither constitute cause for removal nor ". . . conduct detrimental to the welfare of the association . . ." such as would result in removal.

The plaintiff further alleged that he availed himself of those rights and that he was removed as a director and officer as a direct result thereof. The contract right which the plaintiff alleges was not the right to the office of director or secretary, but rather the right to speak freely, as an elector, upon certain matters without being disciplined by expulsion and removal from office.

If the plaintiff can establish the contract right which he has alleged, then he may be able to establish violations of both secs. 181.20(4) and 181.26, Stats. At the demurrer stage of the proceedings, however, it is enough that he has adequately alleged the existence, applicability and breach of the contract right.

In *Masbruch v. von Oehsen*, 163 Wis. 208, 213, 157 N.W. 775 (1916), this court stated:

". . . Under the allegations of the complaint the civil rights of the plaintiff secured to him by the constitution and by-laws of the corporation have been unlawfully interfered with to his injury by the defendants.

"The civil courts have jurisdiction to redress such wrongs, even though done by the corporation. *West Koshkonong Cong. v. Ottesen*, 80 Wis. 62, 49 N.W. 24; *State ex rel. Cuppel v. Milwaukee Chamber of Commerce*, 47 Wis. 670, 3 N.W. 760; *Hellstern v. Katzer*, 103 Wis. 391, 79 N.W. 429; *Marien v. Evangelical Creed Cong.* 132 Wis. 650, 113 N.W. 66; *State ex rel. Weingart v. Board, etc.* 144 Wis. 516, 129 N.W. 630."

The plaintiff has also alleged facts sufficient to constitute a cause of action based upon another theory. In *Callahan, supra,* 47, this court indicated that it was reluctant to interfere in the internal affairs of voluntary organizations *unless* the internal rules governing the

affairs of the organization were so construed by the organization as to be ". . . clearly subversive of personal or property rights, . . ." The complaint in this case alleges facts inferring that the internal rules of the association were construed so as to be subversive of the plaintiff's constitutional rights of free speech and political action. *Herman, supra,* 567.

Thus we cannot agree with the reasoning of the trial court for its holding. We are of the opinion the complaint does state a cause of action. In doing so, we would emphasize that this opinion is not to be construed as any expression with regard to the merits of the assertions of the plaintiff. We would further emphasize that if it is ultimately determined that the plaintiff was improperly expelled as a director and removed as secretary, the issue of the appropriate measure of damages is not before us.

Since we hold that the complaint does adequately allege a cause of action, it is not necessary to address the alleged tort cause of action or the allegations constituting the second, third or fourth causes of action set forth in the complaint. The order sustaining the demurrer is reversed and the cause remanded for further proceedings.

*By the Court.*—Order reversed and cause remanded.

ABRAHAMSON, J., took no part.