WILLIAM H. HUGHES, Commissioner Office of Commissioner ofCredit Unions
You ask for a definition of the term "organizations and associations" as used in sec. 186.05 (1) (b), Stats., authorizing their membership in credit unions.
In the preceding subsec. (186.05 (1) (a)), the legislature authorized "members of bona fide fraternal, religious, cooperative, labor, rural, educational or similar organization" to join credit unions.
The term "organizations and associations" used in subsec. (1) (b) is broad enough to include the ones enumerated in the preceding subsection, as well as others.
According to Webster's Third International Dictionary, p. 1590 (1961 ed.), an organization is defined in part as "a group of people that has a more or less constant membership, a body of officers, a purpose, and usu. a set of regulations." It also defines this term as merely "something organized."
In United Brotherhood of Carpenters and Joiners of America v.U.S. (Cal. 1947), 67 S.Ct. 775, 330 U.S. 395, 91 L.Ed. 973, the U.S. Supreme Court held a law, dealing with members of organizations and associations, applicable to both incorporated and unincorporated groups.
The term "association" is sometimes used in Wisconsin statutes in connection with corporations. See ch. 215, Stats., regulating building and loan associations, ch. 216, Stats., regulating investment associations, and sec. 185.01 (1) which describes a cooperative as an "association incorporated under" ch. 185, Stats. *Page 78 
The legislature has also dealt with the term as applicable to groups which may be unincorporated, as firemen's relief associations (see sec. 213.10, Stats.) and police relief associations (see sec. 213.11). The statutes also provide for incorporation of religious societies (see ch. 187, Stats.) and fraternal societies (ch. 188). Labor unions may be either incorporated or unincorporated and in either case are included in the definition of a person under sec. 111.02 (2), Stats.
It seems clear that the legislature intends the broad terms "organizations" and "associations" to include all the foregoing groups and others, incorporated or unincorporated.
The Wisconsin Supreme Court, in Herman v. United Automobile, A. A. 1. Workers (1953), 264 Wis. 562, 567, 59 N.W.2d 475, held a labor union to be a voluntary association, which the court defined as:
 ". . . a voluntary unincorporated association is a name applied to a group of individuals who have joined together for a certain object and who are called, for convenience by a common name. The constitution and by-laws are controlling as to all questions of discipline, doctrine, or internal policy."
The court does not, however, recognize every group as a voluntary association entitled to hold and deal with property. InIn re Estate of Powell (1945), 248 Wis. 520, 22 N.W.2d 604, the court held that an unincorporated board of from eleven to twenty-one members, with president. secretary, and treasurer, was "not even a voluntary association" (loc. cit. 248 Wis. 520) and would not be entitled to receive a bequest. The court said: (248 Wis. 520)
 ". . . Where it has been the intention of the testatrix to vest title to a bequest in trust, not in individual members of an unincorporated group, but in the group as a whole, the fact that the group has no legal entity or capacity to take title to the property is fatal to its competency as a trustee . . . ."
An association, in order to become a member of a credit union as a group, would need sufficient legal structure to hold and deal with the funds involved. It would require some form of organization by which authority could be conferred upon some person to perform the functions of a member of the credit union *Page 79 
under sec. 186.06, Stats., and to deal generally with the funds of the group. Such organization would require some form of "contract of the association, usually embodied in a written instrument designated `constitution' or `articles of association.'" 7 C.J.S. 19, Associations, sec. 1.
The association should also have sufficient permanency to complete the objects it undertakes, although that may be done by provision in its articles for succession in memberships.
You have referred to bowling teams and softball teams as examples of associations eligible for membership. Neither would constitute a legal entity within the meaning of sec. 186.06 and186.07, Stats., without adopting a form of organization which is probably unusual for such teams. A bowling association or a sunshine club could be organized to constitute a legal entity; but whether it had done so would require some reference to its records, such as by-laws, rules, or minutes.
There are, of course, many corporations and associations which could not qualify for membership in a specific credit union, since sec. 186.05 (1) (b), Stats., requires that they be "composed of individuals the majority of whom are eligible for membership" in the credit union. The individuals to be considered are stockholders, shareholders, or members of a corporation, and members in the case of an unincorporated association. This brings me to your request that I cite specific examples to illustrate types of organizations which would be eligible as well as those which would not be eligible for credit union membership.
Based on common knowledge, large corporations such as General Motors, American Telephone and Telegraph and United States Steel, have stockholders residing throughout the country. The majority of these stockholders are not employes of said corporation nor are they unified by residence in a particular community. Accordingly, an employes credit union of these companies chartered under the laws of Wisconsin could not accept the corporate account of the company nor could a community type of credit union accept such accounts.
On the other hand, where the majority of stockholders are also employes of a company, it is equally clear that an employes credit union of the company could accept the corporate account. This situation will usually arise in connection with co-operatives organized under ch. 185. *Page 80 
Nonstock corporations chartered under ch. 181 include many fraternal and religious organizations. Its members are defined in either the articles of incorporation or in the by-laws. Sec. 181.02 (7), Stats. It necessarily follows that a credit union organized by these corporations could accept the account of the parent corporation.
Labor unions are usually unincorporated associations. They, of course, are eligible for membership in a credit union of employes whom they represent in labor negotiations.
Other unincorporated associations such as sunshine clubs and bowling teams must have sufficient structure for purposes of identity to be eligible for membership in a credit union. See discussion of this situation, supra.
Finally, some mention should be made of the status of community credit unions incorporated to serve a specific area or community as provided under sec. 186.05 (1) (a), Stats. This type of credit union could accept for membership any organization where the majority of its stockholders, shareholders or members reside within the area prescribed by the charter of the credit union.
BCL:BL:WLJ